[No. 44196.   En Banc.   December 16, 1976.]

JAMES A. WARK, ET AL, *Appellants,* v. THE WASHINGTON NATIONAL GUARD, *Respondent.*

*Argal D. Oberquell* (of *Oberquell & Ahlf*), for appellants.

*Slade Gorton, Attorney General,* and *Patrick W. Biggs, Assistant,* for respondent.

ROSELLINI, J.—The appellants appeal from an order dismissing their suits against the State National Guard for

injuries sustained in a military vehicle accident allegedly caused by the negligence of fellow militiamen, while engaged in maneuvers. Their claims were based upon RCW 4.92.090 (Laws of 1963, ch. 159, § 2; Laws of 1961, ch. 136, § 1), which provides:

The state of Washington, whether acting in its governmental or proprietary capacity, shall be liable for damages arising out of its tortious conduct to the same extent as if it were a private person or corporation.

The dismissal of the suits was ordered upon the court's conclusion that RCW 38.40.030 (Laws of 1943, ch. 130, § 40) provides the exclusive remedy for militiamen injured in the course of duty. That section provides that any officer or enlisted man of the organized militia, who is wounded or otherwise disabled (or his dependents if he dies) while in active service, shall receive from the State "just and reasonable relief" in an amount to conform as nearly as possible to the general schedule of payments and awards provided under the workmen's compensation law in effect in the state at the time of the disability or death.

The appellants received free medical care and disability allowances from the United States Army. They applied to the National Guard for additional benefits under RCW 38.40.030. It is their theory that they are also entitled to bring an action against the State for additional compensation, under the tort claims act. While recognizing the similarity of the relief provided in RCW 38.40.030 to that provided for injured workmen in RCW 51.04, they argue that it was not the legislative intent to make the militia relief act an exclusive remedy, because that act does not contain the broad language of exclusivity which is found in RCW 51.04.010.

That section declares a legislative policy to provide a remedy for every injury sustained by a covered workman, and to abolish all common-law remedies against the employer for such injuries, except as provided in the act. The section expressly recognizes that preexisting common-law

remedies had produced results which were economically unwise and unfair.

At the time of the first enactment of the militia relief act, there were, as the appellants admit, no common-law remedies against the militiamen's employer, the State. Whether this was due solely to the doctrine of sovereign immunity, or was founded in part upon other policies, need not be decided here. The present act and its predecessors recognize at least the possibility of suits being brought against officers and enlisted men in the militia. RCW 38.40.010-.020; Laws of 1909, ch. 134, § 25 part; Laws of 1895, ch. 108, § 173 part. Some protection against such suits was afforded in the earliest act (allowing treble damages for costs in the event the suit failed).

Laws of 1943, ch. 130, §§ 13-14, extended much greater immunity to members of the militia, strictly limiting their criminal and civil liability for acts done while on duty. That the legislature did not limit its own liability in these acts, all of which provided for pensions for the disabled, and the latest of which provides for a comprehensive schedule of compensation, can be attributed only to the fact that it had no such liability. The appellants do not contest this. Their theory is that when the legislature adopted the tort claims act, it manifested an intent to afford a common-law remedy against the State, in addition to the remedy provided in the militia relief act, because it did not expressly amend that act to make it the exclusive remedy against the State.

We cannot agree that the legislature intended such a result. RCW 38.40.010-.030 manifests a clear intent to provide an exclusive and comprehensive remedy for injuries or death of a member of the militia occurring in the line of duty and resulting from acts of his fellow militiamen, and to absolve the State's agents from any liability which they might otherwise have. It was the legislative thought that the remedy provided should make the injured militiaman whole, for the compensation provided is described as "just and reasonable relief," and it is to be determined according to the schedule for workmen's compensation benefits. It

cannot be presumed that the legislature, when it enacted RCW 4.92.090, waiving the State's immunity for its torts, intended to provide for recovery of double compensation by injured members of the militia, against the same "employer," the State.

■ The statute waiving immunity is general in nature, while the law governing claims of militiamen is special. It is the law in this jurisdiction, as elsewhere, that where concurrent general and special acts are in pari materia and cannot be harmonized, the latter will prevail, unless it appears that the legislature intended to make the general act controlling. *State ex rel. Phillips v. State Liquor Control Bd.*, 59 Wn.2d 565, 369 P.2d 844 (1962); *Airway Heights v. Schroeder*, 53 Wn.2d 625, 335 P.2d 578 (1959); 82 C.J.S. *Statutes* § 369 (1953); 2A C. Sands, *Statutes and Statutory Construction* § 51.05 (4th ed. 1973).

It is a fundamental rule that where the general statute, if standing alone, would include the same matter as the special act and thus conflict with it, the special act will be considered as an exception to, or qualification of, the general statute, whether it was passed before or after such general enactment. If it was passed before the general statute, the special statute will be construed as remaining an exception to its terms, unless it is repealed by express words or by necessary implication. *People v. Breyer*, 139 Cal. App. 547, 34 P.2d 1065 (1934); 2A C. Sands, *supra;* 82 C.J.S. *Statutes, supra.* No words to this effect appear in RCW 4.92.090.

■ While the militia relief act does not expressly relieve the State of liability, it must be read in light of the acknowledged fact that at the time it was enacted, the State was immune from suit, and that the legislature nevertheless conferred these benefits upon the militiamen out of the State's own resources, at the same time relieving from liability the men or officers whose acts in the line of duty might have caused the injury. Reading the provisions as a whole, the only reasonable interpretation to be placed upon them is that, in providing for this "just and reasonable relief," the legislature intended to cover the field of State liability for

such injuries. That being the case, the act must be read as an exception to the general language of RCW 4.92.090.

The United States Supreme Court reached a similar result in a case involving the federal tort claims procedure act, 28 U.S.C. § 2671-2680 (1970). That act provides, in § 2674:

> The United States shall be liable, respecting the provisions of this title relating to tort claims, in the same manner and to the same extent as a private individual under like circumstances, but shall not be liable for interest prior to judgment or for punitive damages.

Except for the limitation on interest[1] and damages, the section is essentially the same as RCW 4.92.090. However, unlike our statute, the federal act lists specific exceptions, including discretionary functions[2] and "[a]ny claim arising out of the combatant activities of the military or naval forces, or the Coast Guard, during time of war." 28 U.S.C. § 2680 (1970).

In *Feres v. United States*, 340 U.S. 135, 95 L. Ed. 152, 71 S. Ct. 153 (1950), a suit by servicemen injured while on active duty but not in combat, the court found that the tort claims procedure act did not afford them a remedy in addition to that which was provided in a statutory compensation system.

In construing the statute, the court did not consider the impact of the listed exceptions, which would ordinarily call forth the maxim "expressio unius est exclusio alterius," nor did it discuss the question whether the compensation statute

---

[1] We have found a similar exception in RCW 4.92.090. In *Fosbre v. State*, 76 Wn.2d 255, 456 P.2d 335 (1969), we held that the act does not impliedly waive the State's immunity from liability for interest on judgments.

[2] In the following cases, this court has found a similar exception implied in RCW 4.92.090: *Evangelical United Brethren Church v. State*, 67 Wn.2d 246, 407 P.2d 440 (1965) (no waiver of immunity of the State and its officers from suits for injuries resulting from discretionary governmental acts); *Creelman v. Svenning*, 67 Wn.2d 882, 410 P.2d 606 (1966) (the prosecuting attorney, as a quasi-judicial officer, is exempt from suit for tort for his official acts). The doctrine is limited, however (*Mason v. Bitton*, 85 Wn.2d 321, 534 P.2d 1360 (1975)), and we have construed the statute liberally to apply to municipalities as well as to the State itself. *Kelso v. Tacoma*, 63 Wn.2d 913, 390 P.2d 2 (1964).

was a special act which should control the general tort claims act. However, some of the reasons given by the court for its decision are amenable to and fall within the ambit of the latter doctrine. Not all of the reasons given are applicable in the case before us, but some are supportive of our decision here. For example, the court said that the tort claims act should be construed to fit, so far as possible, into the entire statutory system of remedies against the government to make a workable, consistent, and equitable whole; that the purpose of the act was to extend a remedy to those who had been without a remedy, rather than to make additional provision for those already provided for; and that the existence of a statute providing compensation for injuries or death of those in the armed services was to be considered in determining whether servicemen could recover under the tort claims act.

*See also Goldstein v. State*, 281 N.Y. 396, 24 N.E.2d. 97 (1939). The appellants cite no case which has reached a contrary result.

Since, upon established principles of statutory construction, we have concluded that the appellants' exclusive remedy against the State lies in the provisions of the militia relief act, we need not decide at this time whether, as the respondent contends, the nature of the military activities of government is so unique that there is no comparable function in the private sector and thus no common-law action in which a private person would be liable under similar circumstances.

The judgment is affirmed.

STAFFORD, C.J., and HUNTER, HAMILTON, WRIGHT, UTTER, BRACHTENBACH, HOROWITZ, and DOLLIVER, JJ., concur.

Petition for rehearing denied February 4, 1977.