Honorable Bob Morton State Senator, 7th District P.O. Box 40482 Olympia, WA 98504-0482
Dear Senator Morton:
By letter previously acknowledged, you asked for an opinion on issues pertaining to conservation district elections. Your request seeks our answers to questions involving the effect of the Laws of 1999, ch. 305, on the election of conservation district supervisors. Your questions, which we have paraphrased and re-ordered, ask:
 1. Does the enactment of Laws of 1999, ch. 305 result in making the election of conservation district supervisors subject to the general election laws contained in RCW Title 29, and if so, in what respects?
 2. If Question 1 is answered in the affirmative, and conservation districts are required to reimburse county auditors for their proportionate costs pursuant to RCW 29.13.045, are conservation districts eligible for reimbursement under the provisions of RCW 43.135.060?
 BRIEF ANSWER
The enactment of Laws of 1999, ch. 305 subjects conservation districts to many of the requirements for elections set forth in RCW Title 29, most notably the requirements of RCW 29.13.020 regarding the dates for elections and of RCW 29.21.010 regarding primaries. Because such elections are neither "new programs" nor "increased levels of service under existing programs" as those terms are used in RCW 43.135.060, conservation districts are not eligible for state reimbursement of their district supervisor election costs.
 BACKGROUND
Simply defined, conservation districts are government subdivisions that assist landowners in addressing various environmental issues, including air quality (blowing dust), prevention of groundwater contamination, stream improvement for endangered salmon, dairy waste management, streambank stabilization, irrigation water management, forestland improvement, and erosion control. See RCW 89.08.010.
Each conservation district is governed by a board consisting of five supervisors — two appointed by the state conservation commission and three elected from the district. RCW 89.08.160. Prior to the enactment of the Laws of 1999, ch. 305, conservation district elections were governed by RCW 89.08.190, which established the time and procedure for elections. Under this statute, elections were held during the first quarter of each calendar year. Candidates were nominated by petitions signed by at least 25 district electors. RCW 89.08.190 authorized the Conservation Commission to establish the procedures for elections, canvass the returns, and announce the official results. The statute also provided that supervisors would take office at the first board meeting following the election.
Prior to the Laws of 1999, ch. 305, only those persons who owned or occupied land within a conservation district could vote for the elected supervisors of the district. Former RCW 89.08.020. In 1999, the Legislature passed SHB 1747, which changed the qualifications for voters in conservation district elections. Laws of 1999, ch. 305 (codified in scattered sections of RCW 89.08). SHB 1747 removed the voter qualification of "land owner or occupier" and defined the class of voters in conservation district elections as "registered voter[s] in the county where the district is located who reside within the district boundary or in the area affected by a petition". See RCW 89.08.020.
This is a significant change for purposes of determining the requirements that govern election of conservation district supervisors, because in many respects, as explained below, RCW Title 29 governs election procedures in special purpose districts where land ownership is not a prerequisite to voting.
 ANALYSIS Question 1. Does the enactment of Laws of 1999, ch. 305 result in making the election of conservation district supervisors subject to the general election laws contained in RCW Title 29, and if so, in what respects?
With certain exceptions, elections generally are governed by RCW Title 29. One such exception is elections at which land ownership is a prerequisite to voting. Such elections are exempt from many of the requirements of RCW Title 29. See RCW 29.13.020 (exempts such elections from timing of election provisions); 29.15.010 (exempts candidates in such elections from the requirement to file a declaration and affidavit for candidacy); and 29.21.010 (exempts such elections from primary election requirement). Thus, by removing the "land owner or occupier" qualification from voters in conservation district elections, the Legislature, by virtue of statutory language previously enacted, automatically changed certain election procedures for conservation districts. SeeBennett v. Hardy, 113 Wn.2d 912, 926 784 P.2d 1258 (1990) (legislative bodies are presumed to have full knowledge of existing statutes affecting the matter upon which they are legislating).
A. Timing of Elections; RCW 29.13.020
RCW 29.13.020 generally governs the timing of elections. This statute provides that "[a]ll city, town, and district general elections shall be held throughout the state of Washington on the first Tuesday following the first Monday in November in the odd-numbered years." RCW 29.13.020(1) (emphasis added). The only relevant exception to this provision is "district elections at which the ownership of property within those districts is a prerequisite to voting, all of which elections shall be held at the times prescribed in the laws specifically applicable thereto".Id. § (1)(b). Because RCW 89.08 no longer contains the land ownership qualification for voters, the question arises whether conservation district elections now are subject to the election times established in RCW 29.13.020(1).
Both RCW 29.13.020 and RCW 89.08.190 establish times for holding elections. In this sense, RCW 29.13.020 and RCW 89.08.190 are inpari materia because they "relate to the same person or thing [elections], or the same class of persons or things [elections where land ownership is not a voter qualification]." State v. Yim,139 Wn.2d 581, 592, 989 P.2d 512 (1999) (quoting State v. Houck,32 Wn.2d 681, 684, 203 P.2d 693 (1949)). Rules of statutory construction ordinarily require that to the greatest extent possible, when two statutes relate to the same subject, they should be harmonized rather than read to conflict with one another. See Waste Mgmt. of Seattle, Inc. v. WUTC, 123 Wn.2d 621,630, 869 P.2d 1034 (1994). However, when such statutes cannot be harmonized, and one is a general act and the other is a specific act, the specific act will prevail. Wark v. Wash. Nat'l Guard,87 Wn.2d 864, 867, 557 P.2d 844 (1976).
Here, the two statutes cannot be harmonized. They plainly establish conflicting dates for holding elections. RCW 29.13.020 is the more specific act. It is part of a chapter that relates specifically and only to elections, including district elections, while RCW 89.08.190 is part of a general chapter regarding conservation districts. In addition, RCW 29.13.020 sets a specific date for district elections, while RCW 89.08.190 sets a general date during the first quarter of each calendar year. Therefore, the "timing of election" provision in RCW 29.13.020 prevails over that set forth in RCW 89.08.190.
Thus, even under ordinary rules of statutory construction, RCW 29.13.020 would apply to the exclusion of RCW 89.09.190. In this case, however, the Legislature also has expressly stated its intent that the provisions of RCW 29.13.020 are to govern the dates for holding elections even when other statutes, general or specific, may set a different date. In this respect, RCW 29.13.020(5) provides:
 This section shall supersede the provisions of any and all other statutes, whether general or special in nature, having different dates for such city, town, and district elections, the purpose of this section being to establish mandatory dates for holding elections.
Thus, we also reach this conclusion based on the plain language of the statutes. When a statute is not ambiguous, it is not appropriate to look to legislative history to determine the Legislature's intent. Stroh Brewery v. Dep't of Rev., 104 Wn. App. 235,239, 15 P.3d 692 (2001). Rather, the Legislature's intent is determined by what it said. King Cy. v. Cent. Puget Sound GrowthMgmt. Hearings Bd., 142 Wn.2d 543, 555, 14 P.3d 133 (2000).
The language the Legislature used to establish mandatory election dates in RCW 29.13.020 is not ambiguous. By its very terms, it applies to all district elections (unless property ownership is a prerequisite to voting) and applies regardless of the fact that another statute may provide a different date. RCW 29.13.020(5).
Even so, we have reviewed the final bill report of the 1999 legislation and note that it is silent on the subject of legislative intent in this regard. Young v. Estate of Snell,134 Wn.2d 267, 280, 948 P.2d 1291 (1997) (courts look to bill reports to interpret ambiguous statutes and determine the Legislature's intent); see also Johnson v. Cont'l West, Inc., 99 Wn.2d 555, 561,663 P.2d 482 (1983) (the views of individual legislators do not constitute legislative history). We also must presume that when the Legislature removed the property ownership qualification for district electors, it was aware that the change would make such elections subject to certain mandatory requirements of RCW Title29. Bennett, 113 Wn.2d at 926. Since 1963, RCW 29.13.020 has exempted from its provisions district elections at which ownership of property is a prerequisite to voting. See Laws of 1963, ch. 200, § 1. Prior to that time, the statute exempted other special purpose district elections from its provisions. See Laws of 1951, ch. 101, § 1 (exempted elections for irrigation districts, port districts, and public utility districts from provisions of RCW 29.13.020). In 1976, the Legislature amended RCW 29.13.020 and stated its intent that all elections shall be subject to the statute's provisions, unless otherwise exempted. See RCW 29.13.020; Laws of 1975-76, 2d Ex. Sess., ch. 3, § 1. At the time this provision was enacted, conservation district elections were exempt from RCW 29.13.020, because only property owners or occupiers could vote in such elections. The enactment of Laws of 1999, ch. 305 removed the "stopper" that had prevented the general election laws from applying to conservation districts.
Thus, we conclude that elections for district supervisors formerly governed by RCW 89.08.190 are now subject to the provisions of RCW 29.13.020. Elections for district supervisors must be held on the first Tuesday after the first Monday in November in odd-numbered years, or pursuant to the special election provisions of RCW 29.13.020(2) in even-numbered years. Similarly, elections regarding the creation, dissolution, or alteration of a conservation district must be held pursuant to RCW 29.13.020. See
RCW 89.08.110, .130, .180, .350.
In further response to your first question, we will briefly analyze the extent to which the general election laws in RCW Title29 now govern conservation district elections. Additional issues may arise concerning the interplay between RCW Title 29 and RCW 89.08 that are not immediately apparent. For this reason, we do not suggest that our analysis identifies and discusses every potential consequence of the 1999 law for conservation district elections.
B. Conduct and Canvass of District Elections; RCW 29.13.020, .040
The county auditor is the ex officio supervisor of all elections held pursuant to RCW 29.13.020. RCW 29.13.020, .040. Because district elections must be held pursuant to RCW 29.13.020, the county auditor is ex officio supervisor of such elections. In addition, the county canvassing board must canvass district elections. For the same reasons set forth above, these statutes prevail over the provisions of RCW 89.08 that authorize the Conservation Commission to supervise and canvass district elections. See RCW 89.08.110, .130, .190. and .350.
C. Time of Taking Office; RCW 29.04.170
The term of office for a conservation district supervisor under RCW 89.08.200 is "three years and until his successor is elected and qualified". RCW 89.08.200 (emphasis added). Under RCW89.08.190, conservation district supervisors take office at the first board meeting following the election. A separate statute in the election code, RCW 29.04.170(2) provides:
 For elective offices of counties, cities, towns, and special purpose districts other than school districts where the ownership of property is not a prerequisite of voting, the term of incumbents shall end and the term of successors shall begin after the successor is elected and qualified, and the term shall commence immediately after December 31st following the election. . . .
 In enacting RCW 29.04, the Legislature intended to "provide a common date for the assumption of office for all the elected officials of counties, cities, towns, and special purpose districts . . . where the ownership of property is not a prerequisite of voting." RCW 29.04.170. Unlike the time for elections and the requirement that the county auditor conduct and canvass elections, we do not believe that RCW 29.04.170 and 89.08.190 are in conflict.
The term of office for a conservation district supervisor is "three years and until his successor is appointed or elected and qualified". RCW 89.08.200. The term of office is not inconsistent with RCW 29.04.170. When conservation district supervisors are elected and qualified by December 31st, they can take office immediately thereafter. The conservation district can schedule a board meeting immediately after December 31 to avoid possible inconsistencies in the term of office provisions.
D. Primary Elections for Conservation Districts; RCW 29.21.010
A further question that may be raised by the enactment of Laws of 1999, ch. 305 is whether a primary election is required when more than two persons file for the same district supervisor position. We believe the 1999 changes to RCW 89.08 require a primary election.
Local government primaries are required by RCW 29.21.010, which states:
 All city and town primaries shall be nonpartisan. Primaries for special purpose districts, except those districts that require ownership of property within the district as a prerequisite to voting, shall be nonpartisan. City, town, and district primaries shall be held as provided in RCW 29.13.070.
 The purpose of this section is to establish the holding of a primary, subject to the exemptions in RCW 29.21.015, as a uniform procedural requirement to the holding of city, town, and district elections. These provisions supersede any and all other statutes, whether general or special in nature, having different election requirements.
As we explained above regarding the timing of elections, we must determine the Legislature's intent regarding the primary election provision by its plain language. The purpose of this statute is to "establish" a primary "as a uniform procedural requirement." Id. The Legislature further expressed its intent that RCW 29.21.010 would supersede all other statutes having different requirements.Id.
Further, as was the case with respect to the timing of elections, RCW 29.21.010 cannot be harmonized with the district supervisor nomination process set forth in RCW 89.08.190. Under RCW89.08.190, conservation district supervisors are nominated by petition, which must be signed by at least 25 district electors, and all nominees are placed on the ballot. This provision is in conflict with RCW 29.21.010, which requires a primary election where there are more than two candidates for a supervisor position. These two statutes cannot be harmonized. As with the timing of elections requirement, RCW 29.21.010 is more specific, because it is part of a title that relates specifically and only to elections, while RCW 89.08.190 is part of a chapter regarding conservation districts. Further, the Legislature expressly stated its intent that RCW 29.21.010 will supersede all other statutes, general or specific, having different requirements. RCW 29.21.010. Therefore, conservation district elections are subject to the primary election provisions in RCW 29.21.
E. Requirement for Filing Declaration of Candidacy; RCW 29.15
RCW 29.15.010 requires a candidate for elective office to file a declaration and affidavit of candidacy. This requirement does not apply to candidates for office for which the ownership of property is a prerequisite to voting. When the Legislature enacted the Laws of 1999, ch. 305, it removed conservation district elections from the property ownership exemption. The times for filing declarations of candidacy set forth in RCW 29.15.020 "supersede all other statutes that provide for a different filing period for these offices." RCW 29.15.020(2). Therefore, for the same reasons conservation district elections must be held in accordance with RCW 29.13.020, and a primary must be held pursuant to RCW 29.21.010, the filing requirements of RCW 29.15 apply to candidates for conservation district supervisor.
RCW 29.15.020 requires candidates to file declarations of candidacy between the fourth Monday and the fourth Friday in July of the year they are up for election. This filing schedule applies to offices that are "scheduled to be voted upon . . . at, or in conjunction with, a state general election". RCW 29.15.020(1). The state holds general elections every year. RCW 29.13.010. A special election held in November of even-numbered years under RCW 29.13.020(2)(f) is held in conjunction with a state general election under RCW 29.13.010. Therefore, candidates for conservation district supervisor must file according to this schedule, regardless of whether they are on the ballot for a general election or a special election that is held in November of even-numbered years in accordance with RCW 29.13.020(2)(f).
In summary, then, the timing of district elections is governed by RCW 29.13. For those district supervisor elections that occur in odd-numbered years, the election date is the first Tuesday following the first Monday in November. RCW 29.13.020(1). All other conservation district elections must be held pursuant to RCW 29.13.020(2) (governing special elections). RCW 29.13 prevails over provisions in RCW 89.08 that provide for inconsistent election times. See RCW 89.08.110, .190, .350. Likewise, the county auditor conducts and canvasses district elections under Title 29 so the inconsistent provisions in RCW 89.08 no longer apply. See RCW89.08.110, 130, .190, .350. The change in voter qualification for conservation district elections also makes conservation district elections subject to the primary election requirement of RCW 29.21.010. Candidates for conservation district supervisor must file declarations of candidacy as set forth in RCW 29.15.020 or as determined by the county auditor pursuant to RCW 29.15.170.
 Question 2. If Question 1 is answered in the affirmative, and conservation districts are required to reimburse county auditors for their proportionate costs pursuant to RCW 29.13.045, are conservation districts eligible for reimbursement under the provisions of RCW 43.135.060?
Since conservation districts previously conducted their own elections pursuant to RCW 89.08 and bore their costs, your second question essentially asks whether the provisions of RCW 43.135.160 would entitle the districts to state reimbursement now that the same elections are conducted by the county auditor.
Under RCW 29.13.045, conservation districts are liable for their proportionate share of the costs of an election. The purpose of this statute "is to clearly establish that the county is not responsible for any costs involved in the holding of any city, town, or district election." RCW 29.13.045.
The relevant language of RCW 43.135.060(1) provides:
 After July 1, 1995, the legislature shall not impose responsibility for new programs or increased levels of service under existing programs on any political subdivision of the state unless the subdivision is fully reimbursed by the state for the costs of the new programs or increases in service levels.
This statute is inapplicable to the recent changes in conservation district election procedures for the reason that district supervisor elections constitute neither a "new program" nor "increased levels of service" under an existing program within the meaning of this statute.
The Washington Supreme Court has defined "programs" and "services" synonymously as "measures designed to accomplish specific public goals and to benefit the public." Moreover, the court has made it plain that to trigger the state reimbursement obligation under this statute, the new or increased public benefit must be quantifiable. City of Tacoma v. State, 117 Wn.2d 348, 358,816 P.2d 7 (1991). District supervisor elections are not new. The 1999 amendment changed the voter qualifications for such elections and, as a result, changed the way district elections are conducted but did not make any fundamental changes in the way conservation districts are governed or the programs they provide to the public. In other words, the changes did not result in any new or increased quantifiable public benefit within the meaning of RCW 43.135.060.
Although the amendment to the definition of "district elector" in RCW 89.08.020 made district elections subject to certain requirements under Title 29, this change does not constitute a "new program" or an "increased level of service". District supervisors always have been selected by election. The change in timing and procedure is a modification to an existing program, not a new program, and it results in no increased level of service to the public. See Seattle v. State, 100 Wn.2d 16, 25-26,666 P.2d 359 (1983).
Accordingly, we conclude that RCW 43.135.060 does not apply, and conservation districts remain liable for the costs of conducting district supervisor elections.
We trust this opinion is of assistance to you.
Sincerely,
SHANNON E. SMITH Assistant Attorney General