Honorable Arthur D. Curtis Clark County Prosecuting Attorney P. O. Box 5000 Vancouver, WA 98666-5000
Dear Prosecutor Curtis:
By letter previously acknowledged, you have requested our opinion on the following questions, which we have slightly paraphrased:
1. RCW 9.41.040 lists several circumstances under which aperson convicted of certain misdemeanors may not lawfully possessa firearm. May a person convicted under one of thosecircumstances have the right to possess a firearm restoredpursuant to (a) RCW 9.41.040, (b) RCW 9.95.240, (c) RCW9.94A.640, (d) RCW 9.96.060, or (e) RCW 9.96.010?
2. If a person is convicted of a Class A felony, or one ofthe enumerated crimes listed in RCW 9.41.040(4), is there anystatutory procedure for restoring such a person's right to possessa firearm?
 BRIEF ANSWERS
RCW 9.41.040 governs the conditions under which criminal offenders lose the right to possess firearms and the conditions under which these rights may be restored. As discussed in the analysis below, certain misdemeanants are not defined as "convicted" under the terms of RCW 9.41.040 and thus are not subject to the statute's prohibition again firearm possession. Certain other offenders may petition a court for restoration of firearm possession rights as described in the same statute.
If a person is convicted of a Class A felony, or one of the enumerated crimes listed in RCW 9.41.040(4), the only available statutory procedure for restoring such a person's right to possess a firearm is pardon by the governor pursuant to RCW9.96.010, coupled with a finding of rehabilitation or innocence.
 ANALYSIS
Statutory background
The starting point of any statutory analysis concerning the right to possess a firearm is RCW 9.41.040, a long and frequently amended statute setting forth who may not lawfully possess a firearm in this state.[1] This section consists of seven subsections; only the first four are pertinent to your questions.
Subsections (1) and (2) of RCW 9.41.040 define the crime of unlawful possession of a firearm, making it unlawful for a person to possess or control a firearm in this state if any of a number of circumstances apply. The circumstances include conviction of any felony, conviction of certain misdemeanors under certain conditions, and certain situations not involving conviction of a crime (such as being under eighteen years of age, having been involuntarily committed for mental health treatment, or being free on bond or personal recognizance pending trial or sentencing for a serious offense). The statute defines two degrees of the crime of unlawful possession of a firearm. RCW9.41.040(1) and (2). A related statute provides that upon conviction of one of the offenses described (or committed for mental health treatment), the court shall provide a notice "that the person may not possess a firearm unless his or her right to do so is restored by a court of record." RCW 9.41.047.
Subsection (3) of RCW 9.41.040 defines, with some complexity, what constitutes "conviction" of a crime for purposes of defining who has lost the right to possess a firearm. This subsection will be more extensively discussed below. RCW9.41.040(4) describes circumstances in which certain persons are or are not precluded from possession of a firearm, and it sets forth certain standards by which persons previously convicted may have their firearm possession rights restored. This language will also be discussed at more length below.
You have also referred our attention to several other statutory provisions, which will be discussed below as the need arises. With this basic background, we proceed to your two questions:
1. RCW 9.41.040 lists several circumstances under which aperson convicted of certain misdemeanors may not lawfully possessa firearm. May a person convicted under one of thosecircumstances have the right to possess a firearm restoredpursuant to (a) RCW 9.41.040, (b) RCW 9.95.240, (c) RCW 9.94A.640,(d) RCW 9.96.060, or (e) RCW 9.96.010?
As noted above, RCW 9.41.040 sets forth a number of circumstances rendering it unlawful to possess a firearm. This section includes the following language relating to misdemeanor convictions:
A person, whether an adult or juvenile, is guilty of the crime of unlawful possession of a firearm in the second degree, if the person does not qualify under (a) of this subsection for the crime of unlawful possession of a firearm in the first degree and the person owns, has in his or her possession, or has in his or her control any firearm:
(i) After having previously been convicted in this state or elsewhere of any felony not specifically listed as prohibiting firearm possession under (a) of this subsection, or any of the following crimes when committed by one family or household member against another, committed on or after July 1, 1993: Assault inthe fourth degree, coercion, stalking, reckless endangerment,criminal trespass in the first degree, or violation of the provisions of a protection order or no-contact order restraining the person or excluding the person from a residence.
RCW 9.41.040(b)(i) (emphasis added). Each of the offenses underlined is defined elsewhere as a gross misdemeanor.[2]
The effect of the foregoing language is to define the following category of misdemeanants as without the right to lawfully possess a firearm: persons who (1) have been convicted of one of the misdemeanors listed; (2) against a member of the same family or household; (3) after July 1, 1993.[3] Your question concerns the available procedures, if any, for the eventual restoration of firearm possession rights by someone in this category. You have specifically asked about the availability of procedures listed in three separate chapters of the Revised Code of Washington. We will consider them in turn.
a. RCW 9.41.040
RCW 9.41.040 itself sets forth one possible procedure for restoring firearms possession rights to a misdemeanant. Subsection (4) contains the following language:
Notwithstanding any other provisions of this section, if a person is prohibited from possession of a firearm under subsection (1) of this section and has not previously been convicted of a sex offense prohibiting firearm ownership under subsection (1) of this section and/or any felony defined under any law as a class A felony or with a maximum sentence of at least twenty years, or both, the individual may petition a court of record to have his or her right to possess a firearm restored:
. . .
(b)(ii) If the conviction was for a nonfelony offense, after three or more consecutive years in the community without being convicted or currently charged with any felony, gross misdemeanor, or misdemeanor crimes, if the individual has no prior felony convictions that prohibit the possession of a firearm counted as part of the offender score under RCW 9.94A.525 and the individual has completed all conditions of the sentence.
RCW 9.41.040(4) (emphasis added). This language expressly allows a person convicted of one of the misdemeanors listed in RCW9.41.040(1) to petition a court of record for restoration of the right to possess a firearm if the various conditions set forth in the quoted language are satisfied.[4] See State v. Radan,143 Wn.2d 323, 335, n. 2, 21 P.3d 255 (2001).
b. RCW 9.95.240
The second chapter you asked us to review is RCW 9.95,which includes several sections relating to probation. RCW9.95.200 authorizes a court to grant or deny probation "[a]fterconviction by plea or verdict of guilty of any crime." [5] Thislanguage includes persons convicted of misdemeanors. RCW 9.95.240provides as follows:
Every defendant who has fulfilled the conditions of his probation for the entire period thereof, or who shall have been discharged from probation prior to the termination of the period thereof, may at any time prior to the expiration of the maximum period of punishment for the offence for which he has been convicted be permitted in the discretion of the court to withdraw his plea of guilty and enter a plea of not guilty, or if he has been convicted after a plea of not guilty, the court may in its discretion set aside the verdict of guilty; and in either case, the court may thereupon dismiss the information or indictment against such defendant, who shall thereafter be released from allpenalties and disabilities resulting from the offense or crime ofwhich he has been convicted.
Id. (emphasis added). Read in isolation, this language seems to imply that a person whose probation is completed and whose information or indictment has been dismissed is "released" from all penalties and disabilities relating to the conviction, including loss of the right to possess a firearm.[6]
RCW 9.41.040 provides otherwise, however. Subsection (3) of this statute, not previously discussed in detail, contains the following:
Notwithstanding RCW 9.41.047 or any other provisions of law, as used in this chapter, a person has been "convicted", whether in an adult court or adjudicated in a juvenile court, at such time as a plea of guilty has been accepted, or a verdict of guilty has been filed, notwithstanding the pendency of any future proceedings including but not limited to sentencing or disposition, post-trial or post-factfinding motions, and appeals.Conviction includes a dismissal entered after a period ofprobation, suspension or deferral of sentence, and also includes equivalent dispositions by courts in jurisdictions other than Washington state.
RCW 9.41.040(3) (emphasis added). This language clearly provides that a person whose case was dismissed after probation is still "convicted" for purposes of RCW 9.41.040 and thereafter still not eligible to possess a firearm without meeting the separate requirements in RCW 9.41.040(4).[7]
Subsection (4) does recognize the restoration of firearm possession rights in some cases for persons who have received a probationary sentence followed by a dismissal of the charges:
Notwithstanding subsection (1) of this section, a person convicted of an offense prohibiting the possession of a firearm under this section other than murder, manslaughter, robbery, rape, indecent liberties, arson, assault, kidnapping, extortion, burglary, or violations with respect to controlled substances under RCW 69.50.401(a) and 69.50.410, who received a probationary sentence under RCW 9.95.200, and who received a dismissal of the charge under RCW 9.95.240, shall not be precluded from possession of a firearm as a result of the conviction.
RCW 9.41.040(4). In other words, probation followed by dismissal does not affect firearm possession rights unless the convictioninvolved one of the enumerated crimes listed in this subsection. If so, the person remains "convicted" under this statute, and must qualify for restoration of firearm rights in some other manner.
Statutes on the same subject matter must be read together to give each effect and to harmonize each with the other. US West v. Utils. And Transp. Comm'n, 134 Wn.2d 74, 119,949 P.2d 1337 (1997) (citing Bour v. Johnson, 122 Wn.2d 829, 835,864 P.2d 380 (1993)). While RCW 9.95.240 covers the broad subject of consequences of dismissing a probation, RCW 9.41.040 very specifically defines the circumstances under which the right to possess a firearm may be lost and regained. We believe the courts would harmonize these two statutes by finding that RCW 9.41.040
governs restoration of the right to possess a firearm, while RCW9.95.240 relates more generally to "penalties and disabilities" arising from a criminal conviction. Even if the two statutes were read to conflict (and we do not think they would be), the rule of construction would favor the later and more specific statute (here, RCW 9.41.040) over the more general one. See Wark v. Nat'lGuard, 87 Wn.2d 864, 867, 557 P.2d 844 (1976). Thus, we do not read RCW 9.95.240 as providing an alternative statutory basis for restoring firearm possession rights.
A related question concerning the interaction of RCW9.95.240 with RCW 9.41.040 is: Does a period of time spent on probation pursuant to RCW 9.95 "count" as "three or more consecutive years in the community" for purposes of qualifying to petition a court for restoration of firearm possession rights under RCW 9.41.040(4)(b)(ii)? We understand the meaning of the term "in the community" to mean "freely moving about in the world at large" — i.e., not confined to jail or otherwise subjected to loss of freedom. If an offender is free to move about within the community during his or her period of probation, it follows that such a period could count toward years "in the community" for purposes of determining when the offender is eligible to apply for restoration of firearm possession rights.
c. RCW 9.94A.640[8]
RCW 9.94A.640 permits offenders to apply to the sentencing court for vacation of their record of conviction.[9]
If they meet certain standards (no pending criminal charges, no conviction of a violent offense or a crime against persons, or certain "passage of time" requirements), the court may vacate the conviction. Section 9.94A.640(3) provides that, in such a case, "the offender shall be released from all penalties and disabilities resulting from the offense."[10]
We would apply the same analysis to RCW 9.94A.640 as we applied to RCW 9.95.240 for the same reasons. Section9.94A.640 speaks generally of "release" from "disabilities" resulting from a conviction, while RCW 9.41.040 speaks specifically of regaining the right to possess a firearm. In this case, however, there is no language in RCW 9.41.040 excepting anyone dismissed under RCW 9.94A.640 from the definition of a "convicted" person. Accordingly, we reach the opinion that vacation of a conviction under RCW 9.94A.640 does not result in restoration of firearm possession rights unless the procedures set forth in RCW 9.41.040 are also followed.
d. RCW 9.96.060
In 2001, the Legislature enacted yet another statute concerning vacation of criminal records and restoration of civil rights. RCW 9.96.060 (Laws of 2001, ch. 140, § 1) relates specifically to persons convicted of misdemeanor offenses. It is parallel to RCW 9.94A.640, described above, in that it permits a misdemeanor offender, after completing sentence, to apply for vacation of the criminal record. If described standards are met, the court may vacate the record and "the person shall be released from all penalties and disabilities resulting from the offense". RCW 9.96.060(3).
This statute, like RCW 9.95.240 and RCW 9.94A.640, speaks broadly to "release from penalties and disabilities" and contains no specific language concerning firearm possession. In analyzing this statute together with RCW 9.41.040, we note only one significant difference: RCW 9.96.060, unlike the other statutes discussed, was enacted more recently than RCW 9.41.040. However, we do not think this distinction is sufficient to change our analysis. Again, we reach the view that RCW 9.41.040 provides the exclusive means for restoration of firearms possession rights, and RCW 9.96.060 should not be read as an alternative process for this purpose.
e. RCW 9.96.010 (pardons)
Finally, we note that there is another nonjudicial statutory procedure for restoring the civil rights of a convicted person — pardon from the governor. The pardon statute provides as follows:
Whenever the governor shall grant a pardon to a person convicted of an infamous crime, or whenever the maximum term of imprisonment for which any such person was committed is about to expire or has expired, and such person has not otherwise had his civil rights restored, the governor shall have the power, in his discretion, to restore to such person his civil rights in the manner as in this chapter provided.[11]
RCW 9.96.010. See also Const. art. III, § 9 (pardoning power) and RCW 10.01.120. Again, however, the pardon statutes must be read together with RCW 9.41.040, the specific statute governing firearm possession rights. This section includes the following language:
A person shall not be precluded from possession of a firearm if the conviction has been the subject of a pardon, annulment, certificate of rehabilitation, or other equivalent procedure basedon a finding of the rehabilitation of the person convicted or the conviction or disposition has been the subject of a pardon, annulment, or other equivalent procedure based on a finding ofinnocence.
RCW 9.41.040(3) (emphasis added). Based on this language, we concluded in an earlier opinion, AGO 1993 No. 10, that a pardon must include either a finding of rehabilitation or a finding of innocence in order to effectively restore the subject's right to possess a firearm. Subsequent amendments to the statutes have not changed this element, and we reaffirm the reasoning of our 1993 opinion. Accordingly, we conclude that a person pardoned by the governor with a finding of innocence, or of rehabilitation, is not "convicted" as that term is defined in RCW 9.41.040; such a person is not precluded from possessing a firearm. By contrast, a pardon without a specific finding of rehabilitation or of innocence would not meet the statutory conditions for restoration of firearm possession rights.
2. If a person is convicted of a Class A felony, or one ofthe enumerated crimes listed in RCW 9.41.040(4), is there anystatutory procedure for restoring such a person's right to possessa firearm?
From the wording of this question, we understand its meaning to be: For persons who are not eligible to petition a court for restoration of firearm possession rights because they were convicted of one or more of the crimes enumerated in RCW9.41.040(4), is there any other procedure for regaining these rights? From the discussion above relating to your first question, we conclude that there is only one potential avenue of redress under current statutory law. That is pardon by the governor with a specific finding of rehabilitation or of innocence. As noted earlier, persons in this category are not defined as "convicted" for purposes of RCW 9.41.040 and therefore are no longer within the statute's prohibition.
We hope the foregoing will be useful to you.
Sincerely,
JAMES K. PHARRIS Senior Assistant Attorney General (360) 664-3027
[1] The core of RCW 9.41.040 dates to Laws of 1935, ch. 172, § 4, but most of the language under discussion here is much more recent — dating primarily from the extensive amendments to the sections which were part of Laws of 1995, ch. 129, § 16 (an enactment by the Legislature of Initiative Measure No. 159, the "hard time for armed crime" initiative). The section was further modified by Laws of 1996, ch. 295, § 2, and by Laws of 1997, ch. 338, § 47. In AGO 1988 No. 10, we addressed a number of questions concerning eligibility to possess firearms, interpreting a previous version of RCW 9.41.040. The principles of interpretation in this opinion are the same ones we adopted in AGO 1988 No. 10, but the statute has been amended so much since then that specific issues must be revisited.
[2] Stalking may be either a gross misdemeanor or a class C felony, depending on the circumstances. RCW 9A.46.110(5).
[3] RCW 9.41.040 does not extend its prohibition on firearm possession to misdemeanor convictions before July 1, 1993.Persons in this category are not disabled by state law frompossessing firearms but may be barred from firearms possession byfederal law. We understand that there are issues as to how suchpersons may obtain firearm possession rights which satisfy federallaw requirements, but we do not address this issue, which appearsto be beyond the scope of your questions.
[4] RCW 9.41.047 also sets forth a procedure for restoration of firearms possession rights, but in its current version, this section applies only to persons previously committed for mental health treatment, not to persons convicted of misdemeanors or other crimes.
[5] It appears that probation could be ordered either in lieu of a fine or a period of imprisonment or in lieu of some portion of the penalty designated for the crime. The answer to your question would be the same whether the offender had served jail time or not.
[6] RCW 9.95.240 does not apply to felonies committed after July1, 1984. RCW 9.95.900. See AGO 1988 No. 10. However, yourquestion is about misdemeanors, and RCW 9.95.900 does not affectthe applicability of the chapter to persons convicted ofmisdemeanors.
[7] We assume that a court willing to dismiss an information or indictment after probation would probably also be willing to entertain a petition for restoration of firearm possession rights under RCW 9.41.040, assuming that the convicted person meets the conditions set forth in that section.
[8] While we were researching your opinion request, a city attorney drew our attention to this statute, which also touches on the subject of restoration of rights after a criminal conviction. Although your own letter did not mention this statute, we include it to make our analysis more comprehensive.
[9] The Court of Appeals has held that this statute permits the vacation of felony convictions only and does not include convictions for misdemeanor offenses. State v. Noel,101 Wn. App. 623, 5 P.3d 747 (2000). This case may have led to the enactmentof RCW 9.96.060, discussed below, which specifically does apply tomisdemeanor convictions. See also AGO 1997 No. 1 n. 9, reaching the same conclusion.
[10] RCW 9.94A.640 was renumbered by the code reviser pursuant to Laws of 2001, ch. 10, § 6. It was formerly RCW 9.94A.230, and has not been amended since 1987.
[11] The language regarding "in the manner in this chapter provided" appears to refer to RCW 9.96.020 through .040, which sets forth the form of the certificate to be signed and executed by the governor and gives instructions concerning the filing of the certificates and their use as evidence.