IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| RIVIERA NORTHGATE APARTMENTS, LLC, a Washington Limited Liability Company,<br><br>                  Respondent,<br><br>      v.<br><br>RUBY CAINE and ALL OTHER OCCUPANTS IN POSSESSION of 11540 PINEHURST WAY NE, APT #208, SEATTLE, WA 98125,<br><br>                  Appellants. | No. 87561-2-I<br><br>DIVISION ONE<br><br>UNPUBLISHED OPINION |

SMITH, J. — In March 2024, Ruby Caine leased an apartment with Riviera Northgate Apartments, LLC. In July 2024, Caine failed to pay her rent and Riviera posted a 30-day notice to pay rent or vacate to Caine's unit. In August 2024, Riviera initiated a complaint for ejectment. In September 2024, Riviera moved for summary judgment, which the court granted. Caine appeals. Because the Residential Landlord-Tenant Act of 1973 (RLTA), ch. 59.18 RCW, applies, the ejection action was improper. We reverse and remand.

FACTS

In March 2024, Ruby Caine leased an apartment with Riviera Northgate Apartments, LLC, at 11540 Pinehurst Way NE, No. 208, in Seattle, Washington. In July 2024, Caine failed to pay her rent and Riviera posted a 30-day notice to pay rent or vacate to Caine's unit.

In August 2024, Riviera initiated a complaint for ejectment. In September 2024, Riviera moved for summary judgment, claiming that Caine was properly served with notice and did not pay or vacate within 30 days. Riviera requested the court to (1) enter a money judgment for each day Caine continued possession; (2) award reasonable attorney fees and costs; (3) order the Clerk to issue a writ of restitution directing the Sheriff to restore possession; and (4) grant relief as the court deems just and appropriate. The court granted summary judgment, ordering (1) a judgment, (2) attorney fees and costs, and (3) a writ of restitution, returnable 20 days after its date of issuance, directing the Sheriff to remove Caine and restore possession.

Caine appeals, asserting the trial court erred because (1) ejectment is not a lawful means of pursing eviction, and (2) Caine was protected by the RLTA and the Seattle Municipal Code (SMC).

ANALYSIS

Standard of Review

On appeal of an order granting summary judgment, we review de novo whether "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." CR 56(c); *see Ranger Ins. Co. v. Pierce County*, 164 Wn.2d 545, 552, 192 P.3d 886 (2008). "A genuine issue of material fact exists where reasonable minds could differ on the facts controlling the outcome of the litigation." *Ranger*, 164 Wn.2d at 552.

We view all facts and reasonable inferences in the light most favorable to the nonmoving party. *Elcon Constr., Inc. v. E. Wash. Univ.*, 174 Wn.2d 157, 164, 273 P.3d 965 (2012). "A moving party is entitled to summary judgment 'if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact.' " *Berry v. King County*, 19 Wn. App. 2d 583, 587, 501 P.3d 150 (2021) (quoting CR 56(c)).

Our Supreme Court has held that there are two methods of evicting a tenant: "an action in *ejectment* under RCW 7.28; or an action for *unlawful detainer* under RCW 59.12." *Hous. Auth. of City of Everett v. Terry*, 114 Wn.2d 558, 566, 789 P.2d 745 (1990). Ejectment is an action to recover possession of real property unlawfully possessed by another. 28A C.J.S. *Ejectment* § 1 (2025). "Ejectment is a mixed action, and damages for the ouster or wrong can be simultaneously recovered." *Bar K Land Co. v. Webb*, 72 Wn. App. 380, 383, 864 P.2d 435 (1993). Under RCW 7.28.250, "in the case of a lease of real property and the failure of tenant to pay rent[,]" the landlord has the right to reenter and may bring an action to recover the possession of such property.

On the other hand, the RLTA "govern[s] the rights, responsibilities, and remedies of residential landlords and tenants."[1] *Gerlach v. Cove Apartments, LLC*, 196 Wn.2d 111, 127, 471 P.3d 181 (2020). The RLTA "displaced several common law rules in an effort to balance the bargaining positions between

---

[1] The RLTA requires that the Office of the Attorney General produce and maintain on its website translated versions of the notice under RCW 59.18.057 in the top ten languages spoken in Washington state. RCW 59.18.058(1).

3

landlord and tenant in residential leasing." *Silver v. Rudeen Mgmt. Co., Inc.*, 197 Wn.2d 535, 544, 484 P.3d 1251 (2021). Our courts have held that the RLTA "is a remedial statute that must be 'construed liberally.' " *Silver*, 197 Wn.2d at 548 (quoting *State v. Douty*, 92 Wn.2d 930, 936, 603 P.2d 373 (1979)).

Under the RLTA, "if a tenant breaches a rental agreement by failing to make timely rental payments, a landlord may commence an unlawful detainer action." *Christensen v. Ellsworth*, 162 Wn.2d 365, 370, 173 P.3d 228 (2007). "An unlawful detainer action is a statutorily created proceeding that provides an expedited method of resolving the right to possession of property." *Christensen*, 162 Wn.2d at 370-71. An unlawful detainer action under the RLTA was "designed to hasten the recovery of possession and craft relief that properly and efficiently balances both the landlord's and the tenant's competing interests." *Randy Reynolds & Assocs., Inc. v. Harmon*, 193 Wn.2d 143, 161, 437 P.3d 677 (2019). RLTA unlawful detainer actions are "limited to cases involving landlords and tenants when the only questions are possession and rent." *Webb*, 72 Wn. App. at 383.

### Ejectment of a Residential Tenant as a Lawful Remedy

Caine asserts that the trial court erred in granting summary judgment, stating that ejectment is not a lawful means of pursuing eviction because the RLTA is a more specific statute than ejectment.[2] Riviera contends that ejectment

---

[2] Caine also asserts that the trial court erred when it accepted Riviera's contention that ejectment was a "better avenue" for Riviera. During the summary judgment hearing, Riviera asked to address some of Caine's arguments, namely about its decision to file for ejectment versus unlawful detainer. Riviera explained that landowners have two avenues for eviction and it chose to pursue

is an appropriate legal means of pursing eviction and is an alternative to unlawful detainer.

Both statutes allow for a landlord to commence an eviction action against a residential tenant, therefore, we must (1) discern the intent of the legislature and (2) determine which statute controls. *Wash. Ass'n of Counties v. State*, 199 Wn.2d 1, 10-13, 502 P.3d 825 (2022). First, in discerning the legislative intent, the court looks at the statute's " 'plain language and ordinary meaning[,]' " and "should not interpret statutes in a way that would render language 'meaningless or superfluous.' " *Wash. Ass'n of Counties*, 199 Wn.2d at 10, 12-13 (internal quotation marks omitted) (quoting *State v. J.P.*, 149 Wn.2d 444, 450, 69 P.3d 318 (2003)).

The ejectment statute gives a landlord the right to commence eviction in cases with "a lease of real property" and "the failure of [the] tenant to pay rent." RCW 7.28.250. Conversely, the RLTA explicitly states that it governs the rights and remedies of landlord and tenant relationships.[3] *Gerlach*, 196 Wn.2d at 127.

On its face, each statute provides a method for eviction in Caine's case. Therefore, we must determine which statute controls. Our Supreme Court has

---

ejectment because it is a "better avenue." The court responded, "Okay." The court's reply was an acknowledgment of Riviera's statement, not an approval of Riviera's argument as a basis for summary judgment.

[3] *Landlord* is statutorily defined as "the owner, lessor, or sublessor of the dwelling unit." RCW 59.18.030(16). *Tenant* is statutorily defined as "any person who is entitled to occupy a dwelling unit primarily for living or dwelling purposes under a rental agreement." RCW 59.18.030(34).

held that residential tenancies are governed by the RLTA.[4]  *Harmon*, 193 Wn.2d

at 156.  However, our court has not determined the issue raised on appeal:

between an ejectment and an unlawful detainer action, is eviction under the

RLTA the sole way to evict a residential tenant?

Although the *Harmon* court did not address whether ejectment or unlawful

detainer is the appropriate method of eviction, the court's holding that the RLTA

controls residential evictions is aligned with the rules of statutory construction.

"Conflicting statutes must be reconciled to give effect to each of them."  *Tunstall*

*v. Bergeson*, 141 Wn.2d 201, 211, 5 P.3d 691 (2000).  In addition, a "general

statutory provision must yield to a more specific statutory provision."  *Ass'n of*

*Wash. Spirits v. Wash. Liquor Control Bd.*, 182 Wn.2d 342, 356, 340 P.3d 849

(2015).  The specific statute does not invalidate the general statute.  *Wash. Ass'n*

*of Counties*, 199 Wn.2d at 13.  Rather, the specific statute is considered as an "

'exception to, or qualification of, the general statute, whether it was passed

before or after such general enactment.' "  *Wash. Ass'n of Counties*, 199 Wn.2d

at 13 (quoting *Wark v. Wash. Nat'l Guard*, 87 Wn.2d 864, 867, 557 P.2d 844

(1976)).

The RLTA is more specific than the ejectment statute; it states specifically

that it addresses *residential* landlord and tenant relationships.  Washington's

ejectment statute does not limit the type of leases that it controls.  Because the

ejectment statute is a general statute, and the RLTA is specific to residential

---

[4] In *Harmon*, the appellants raised whether the RLTA prohibited ex parte orders which stayed enforcement of the judgment.  193 Wn.2d at 147.  Ejectment was not an issue raised.  *See Harmon*, 193 Wn.2d at 147.

relationships, the RLTA controls. The trial court erred when it ruled that ejectment was a lawful remedy for Riviera in this case.

Tenant Protections Under the RLTA

Caine contends that the court erred in granting summary judgment because she was protected by statutes under the RLTA and SMC.

As established *supra*, the RLTA controls residential landlord-tenant issues. Additionally, the RLTA establishes certain tenant rights that are unavailable in ejectment actions. *See* RCW 59.18.310 (*e*stablishing that upon default, the landlord may store tenant possessions in a reasonably secure place and shall make reasonable efforts to provide tenant with notice); *see* RCW 59.18.365 (stating that landlords must use a specific summons in unlawful detainers that notifies tenants of their right to an attorney and other tenant protections).

Further, the SMC establishes another set of rights for residential tenants living in Seattle. *See* SMC 22.205.080 (establishing a defense to certain evictions that would result in vacating between December 1 and March 1); *see* SMC 22.205.110 (providing a defense to certain evictions that would occur during the school year when a tenant is a child or student, has legal custody of a student, or is an educator). The procedures under the RLTA and SMC must be followed when a landlord initiates an eviction action against a residential tenant. Therefore, the court erred in ruling that RLTA and the SMC and their protections did not apply to Caine.

7

We reverse and remand for proceedings consistent with this ruling.


WE CONCUR:

Díaz, J.