[No. 150-2.    Division Two.    March 10, 1971.]

ALVIN H. THOMPSON et al., Respondents, v. JOHN J. BUTLER et al., Appellants.

J. Benedict Zderic (of Kerr & Zderic), for appellants.

Jerome L. Buzzard and Pebbles, Swanson & Lindskog, for respondents.

PEARSON, J.—Plaintiff-respondent, Alvin Thompson, is the operator of a shopping center in Thurston County, near Lacey, Washington. Defendant-appellant, John Butler, operates a barber shop and has been for a considerable time a tenant of plaintiff. This action for unlawful detainer arises out of differences of opinion over lease negotiations.

The parties for a time had a written lease, which by its terms expired in 1965. Thereafter, defendant continued to pay rent at the rate the former lease prescribed. This arrangement worked satisfactorily until late 1968 or early 1969, when plaintiff became dissatisfied with the rental he was receiving and started pressing for negotiations toward a new lease. Some efforts were made in this direction, but they seemed to result only in growing disagreement.

On January 27, 1969, under a threat of eviction, a meeting was held, which resulted in preparation of a lease, which was later signed by defendant and his wife. Defendant claims that he entered into performance under this document and relied upon it and a representation by plaintiff that it satisfied him, to his detriment in making improvements to his business. Plaintiff claimed that no final agreement was ever made and that the document was but a working draft of a lease. He contends that various disputes were never resolved and no meeting of the minds occurred as to the contemplated lease.

Thus, this action under RCW 59.12 was brought. Defendant demanded a jury trial, but the trial court struck this demand and after hearing the case, found defendant to be guilty of unlawful detainer. Both the striking of the jury demand and the sufficiency of the evidence to support the result and subsequent judgment entered thereon are here appealed.

The first issue is whether or not defendant was entitled to a jury trial. He relies on RCW 59.12.130, which provides:

> Whenever an issue of fact is presented by the pleadings it must be tried by a jury, unless such a jury be waived as in other cases. The jury shall be formed in the same manner as other trial juries in the court in which the action is pending; and in all cases actions under this chapter shall take precedence of all other civil actions.

The question before us in part turns on what effect this statute is given. To decide this question, we begin by considering whether this statute has been superseded or

altered by rules of civil procedure, CR 81, 38 and 39[1] or whether it requires treatment of jury demands in unlawful detainer different from that in the general civil action. We think that when RCW 59.12.130 and CR 81 are construed together, the result is that jury trials are available in cases of unlawful detainer, subject to the provisions of CR 38 and 39. CR 81 provides that the civil rules shall apply except where inconsistent with rules or statutes governing special proceedings. We need not decide whether unlawful detainer is a special proceeding for purposes of CR 81, because there is nothing inconsistent in CR 38 and 39 with RCW 59.12.130. Those rules provide for trial by jury as does the statute. The civil rules seek to simplify the procedure of the courts in this state and seek to avoid exceptions and different procedures except where there is a demonstrable need served by such exceptions. We can see no reason why RCW 59.12.130 should not be construed as an expression of legislative intention that jury trials be preserved in unlawful detainer actions according to the terms of the civil rules. *See Snyder v. Cox*, 1 Wn. App. 457, 462 P.2d 573 (1969). No valuable right will be lost thereby, since the court rules provide for a jury trial in all cases where this is guaranteed by the state constitution, as we will discuss below. If anything, the scope of discretion to grant jury trials is broader under the civil rules.

▮ We have recently had occasion to discuss the scope of the right of trial by jury under the civil rules. In *Scave-*

---

[1]CR 38(a) provides:

"The right of trial by jury as declared by Article 1 § 21 of the Constitution or as given by a statute shall be preserved to the parties inviolate."

CR 39(a) provides:

"When trial by jury has been demanded as provided in Rule 38, the action shall be designated upon the docket as a jury action. The trial of all issues so demanded shall be by jury, unless (A) the parties or their attorneys of record, by written stipulation filed with the court or by an oral stipulation made in open court and entered in the record, consent to trial by the court sitting without a jury or (B) the court upon motion or of its own initiative finds that a right of trial by jury of some or all of those issues does not exist under the constitution or statutes of the state."

*nius v. Manchester Port Dist.*, 2 Wn. App. 126, 467 P.2d 372 (1970), we outlined the scope of the trial court's discretion to grant jury trials under CR 38 and 39. As we pointed out, several factors must be weighed by the trial court in exercise of its discretion. Among those factors were: (1) are the main issues primarily legal or equitable in nature?; (2) do the equitable issues present complexities in the trial which will affect the orderly determination of such issues by the jury?; (3) are the legal and equitable issues easily separable?; and (4) is the person seeking the equitable relief also demanding trial of the issues to the jury?

In the case at bar, the equitable defenses raised by defendant would have interjected considerable complexity into a jury trial. All of the disputed fact questions were related to proof of defenses that were historically equitable or were related to both equitable and legal matters. The defendant, who demanded the jury, was also the party who raised the equitable issues. Also, under the facts of this case, the legal and equitable issues are inseparable. The principal defense interposed, if accepted by the trial court, would in effect have resulted in specific performance of an alleged lease agreement. Even considering the policy favoring jury trials, we do not find an abuse of the trial court's discretion in striking the jury demand.

By saying this, we do not imply that an unlawful detainer action should always be tried to the court. Rather, we decide that on the particular facts of this case, the trial court's exercise of its discretion, under the guidelines of *Scavenius*, was within acceptable bounds.

This brings us to defendant's second contention—that the evidence was insufficient to support the result reached by the trial court. We have examined the record and it is clear that the material facts in this case were in dispute. The trial judge, after hearing the evidence, decided that no agreement had ever been finally reached and that no partial performance or detrimental reliance had been demonstrated. These findings are supported by

substantial evidence and so we will not disturb them here. *Thorndike v. Hesperian Orchards, Inc.*, 54 Wn.2d 570, 343 P.2d 183 (1959).

Affirmed.

PETRIE, C.J., and ARMSTRONG, J., concur.

Petition for rehearing denied April 21, 1971.

Review denied by Supreme Court May 26, 1971.