173 P.3d 228 (2007)
Ed L. CHRISTENSEN, Petitioner,
v.
Richard A. ELLSWORTH, Respondent.
No. 79128-7.
Supreme Court of Washington, En Banc.
Argued October 11, 2007.
Decided December 6, 2007.
*230 Mark Mumford, Mabbutt & Mumford, Moscow, ID, Joseph Doyle Puckett, Puckett & Redford, PLLC, Seattle, WA, for Petitioner.
Howard Marshall Neill, Attorney at Law, Pullman, WA, for Respondent.
FAIRHURST, J.
¶ 1 Petitioner, Ed L. Christensen, the lessor, seeks review of a Court of Appeals ruling that affirmed the trial court's dismissal of an unlawful detainer action brought against Respondent, Richard A. Ellsworth, the lessee. The trial court dismissed the unlawful detainer action because it found Christensen did not give Ellsworth the three day notice required by RCW 59.12.030(3). Whether the statutory notice was timely given depends on whether the time computation rule, CR 6(a), applies.
¶ 2 We hold that CR 6(a) does not apply to the calculation of the three day notice period required by RCW 59.12.030(3). We reverse the Court of Appeals and remand to the trial court for further proceedings consistent with this opinion.

I. STATEMENT OF THE CASE
¶ 3 Ellsworth leased an apartment from Christensen for the term of May 20, 1998 to July 31, 1999. Ellsworth failed to make a rental payment due on July 2, 1998. On Friday, July 3, 1998,[1] Christensen served Ellsworth with a notice to pay the rent or vacate the premises within four days (before Wednesday, July 8). The notice was posted on the apartment and sent by both certified and regular mail. Ellsworth failed to respond to the notice.
¶ 4 On Wednesday, July 8, 1998, Christensen served Ellsworth with a summons and complaint for unlawful detainer. Because Ellsworth did not respond or appear, the court entered an order of default and writ of restitution.
¶ 5 Six years later, Christensen sought a default judgment based upon the earlier order of default. Ellsworth filed a motion to vacate the order of default pursuant to CR 60(b)(5). Ellsworth argues that the unlawful detainer action was prematurely commenced and, consequently, the court lacked subject matter jurisdiction. The trial court agreed that it lacked subject matter jurisdiction over the unlawful detainer action because Christensen failed to give sufficient notice under RCW 59.12.030(3) and dismissed the case with prejudice. The Court of Appeals affirmed. Christensen v. Ellsworth, 134 Wash. App. 295, 139 P.3d 379 (2006). We granted review. Christensen v. Ellsworth, 160 Wash.2d 1010, 161 P.3d 1026 (2007).

II. ISSUE
¶ 6 Does the time computation rule of CR 6(a), which calculates time periods of less than seven days by excluding weekends and holidays, apply to RCW 59.12.030(3) (three day notice period preceding the filing of an unlawful detainer action)?

III. ANALYSIS
¶ 7 Whether the unlawful detainer notice requirement is calculated in accordance with the timing provisions of the civil rules is *231 a matter of statutory interpretation to be reviewed de novo. See Troxell v. Rainier Pub. Sch. Dist. No. 307, 154 Wash.2d 345, 350, 111 P.3d 1173 (2005).
¶ 8 Under the Residential Landlord-Tenant Act of 1973, chapter 59.18 RCW, if a tenant breaches a rental agreement by failing to make timely rental payments, a landlord may commence an unlawful detainer action. RCW 59.18.130, .180(1). An unlawful detainer action is a statutorily created proceeding that provides an expedited method of resolving the right to possession of property. MacRae v. Way, 64 Wash.2d 544, 546, 392 P.2d 827 (1964). The term "unlawful detainer" is statutorily defined.
A tenant of real property for a term less than life is guilty of unlawful detainer. . . .
. . . .
(3) When he or she continues in possession in person or by subtenant after a default in the payment of rent, and after notice in writing requiring in the alternative the payment of the rent or the surrender of the detained premises, served (in manner in RCW 59.12.040 provided) in behalf of the person entitled to the rent upon the person owing it, has remained uncomplied with for the period of three days after service thereof. The notice may be served at any time after the rent becomes due.
RCW 59.12.030. The purpose of the notice is to provide the tenant with "at least one opportunity to correct a breach before forfeiture of a lease under the accelerated restitution provisions of RCW 59.12." Hous. Auth. v. Terry, 114 Wash.2d 558, 569, 789 P.2d 745 (1990) (footnote omitted).
¶ 9 A notice to pay or vacate must be served in accordance with RCW 59.12.040. RCW 59.12.030(3). If the tenant (or a person of suitable age and discretion) is unavailable for personal service, service may be effectuated by "affixing a copy of the notice in a conspicuous place on the premises unlawfully held" and sending an additional "copy through the mail addressed to the tenant, or unlawful occupant, at the place where the premises unlawfully held are situated." RCW 59.12.040(3). Service by mail adds an additional day to the notice requirement; thus, a tenant is guilty of unlawful detainer four days after the notice is properly posted and mailed. See RCW 59.12.040, .030(3). Once a tenant is guilty of unlawful detainer under RCW 59.12.030(3), a landlord may commence an unlawful detainer action by service and filing of the statutory summons and complaint. See former RCW 59.12.070 (1927), amended by Laws of 2005, ch. 130, § 1; RCW 59.12.080.
¶ 10 Proper statutory notice under RCW 59.12.030 is a "`jurisdictional condition precedent'" to the commencement of an unlawful detainer action. Hous. Auth., 114 Wash.2d at 564-65, 789 P.2d 745 (quoting Sowers v. Lewis, 49 Wash.2d 891, 894, 307 P.2d 1064 (1957)). Strict compliance is required for time and manner requirements in unlawful detainer actions. Smith v. Seattle Camp No. 69, 57 Wash. 556, 557, 107 P. 372 (1910); Truly v. Heuft, 138 Wash.App. 913, 920-21, 158 P.3d 1276 (2007); Cmty. Invs., Ltd. v. Safeway Stores, Inc., 36 Wash.App. 34, 37, 671 P.2d 289 (1983). Thus, any noncompliance with the statutory method of process precludes the superior court from exercising subject matter jurisdiction over the unlawful detainer proceeding. Hous. Auth., 114 Wash.2d at 560, 789 P.2d 745.
¶ 11 Whether the time computation rules of CR 6(a) apply to RCW 59.12.030(3) depends on the interplay of several statutes (RCW 59.12.030, .180), rules (CR 1, 6, 81), and case law. Christensen propounds a number of arguments why the civil rules should not apply to an unlawful detainer notice. We will address them as we look at the plain meaning of RCW 59.12.030 and .180, analyze the text of CR 1 and 81 as to the scope of the civil rules, and review the scope of CR 6. As a general matter, time calculation rules should be applied in a clear, predictable manner. "It is a well-accepted premise that `[l]itigants and potential litigants are entitled to know that a matter as basic as time computation will be carried out in an easy, clear, and consistent manner, thereby eliminating traps for the unwary who seek to assert or defend their rights.'" Stikes Woods Neighborhood Ass'n v. City of Lacey, 124 Wash.2d 459, 463, 880 P.2d 25 *232 (1994) (alteration in original) (quoting McMillon v. Budget Plan of Va., 510 F.Supp. 17, 19 (E.D.Va.1980)).
¶ 12 A court's objective in construing a statute is to determine the legislature's intent. Dep't of Ecology v. Campbell & Gwinn, L.L.C., 146 Wash.2d 1, 9, 43 P.3d 4 (2002). "[I]f the statute's meaning is plain on its face, then the court must give effect to that plain meaning as an expression of legislative intent." Id. at 9-10, 43 P.3d 4. Plain meaning is discerned from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole. Id. at 9-12, 43 P.3d 4. An undefined statutory term should be given its usual and ordinary meaning. Burton v. Lehman, 153 Wash.2d 416, 422-23, 103 P.3d 1230 (2005). Statutory provisions and rules should be harmonized whenever possible. Emwright v. King County, 96 Wash.2d 538, 543, 637 P.2d 656 (1981). If the statutory language is susceptible to more than one reasonable interpretation, then a court may resort to statutory construction, legislative history, and relevant case law for assistance in discerning legislative intent. Cockle v. Dep't of Labor & Indus., 142 Wash.2d 801, 808, 16 P.3d 583 (2001).
¶ 13 The three day notice provision explicitly requires a three "day" waiting period. RCW 59.12.030(3). The statute does not specify whether "day" means a business day, court day, or calendar day. There are no time calculation provisions in chapter 59.12 RCW. The ordinary meaning of "day" is a 24 hour period beginning at midnight. See WEBSTER'S THIRD NEW INTERNATIONAL DICTIONARY 578 (2002) (defining "day" as a "CIVIL DAY [] among most modern nations: the mean solar day of 24 hours beginning at mean midnight"); id. at 316 (defining "calendar day" as "a civil day: the time from midnight to midnight"); see also 74 AM. JUR.2D Time § 10 (2001) ("[a] `day' generally means a calendar day"). Using the ordinary meaning of day, weekends and holidays would be included in the calculation of the three day notice period.
¶ 14 Ellsworth argues that RCW 59.12.180 explicitly adopts the civil rules time calculation provisions.[2] The civil rules apply to the proceedings mentioned in chapter 59.12 RCW. RCW 59.12.180. A "proceeding" is "[t]he regular and orderly progression of a lawsuit, including all acts and events between the time of commencement and the entry of judgment." BLACK'S LAW DICTIONARY 1241 (8th ed.2004). The three day notice is an element of the definition of unlawful detainer. See RCW 59.12.030(3). It is not a proceeding and, as such, the civil rules are not explicitly adopted by chapter 59.12 RCW with respect to RCW 59.12.030(3).
¶ 15 Furthermore, the civil rules do not apply to the three day notice. The civil rules are based upon the court's "inherent power to adopt procedural rules necessary to the operation of the courts," while the legislature enacts substantive law. Emwright, 96 Wash.2d at 543, 637 P.2d 656. Procedural rules can be differentiated from substantive law, in that "`practice and procedure pertain to the essentially mechanical operations of the courts by which substantive law, rights, and remedies are effectuated.'" Id. (quoting State v. Smith, 84 Wash.2d 498, 501, 527 P.2d 674 (1974)). Consequently, the civil rules, by their terms, govern the procedure in all civil actions in superior court, with the exception of special proceedings under CR 81. CR 1, 81. The three day notice is a substantive law provision regarding when a person is guilty of unlawful detainer. See RCW 59.12.030(3). The three day notice does not deal with the mechanics of the operation of superior court; therefore, it is not within the scope of the civil rules.
¶ 16 Even if the civil rules applied, they are inconsistent with the plain meaning of RCW 59.12.030(3). Under CR 81(a), the *233 civil rules apply to all civil proceedings "[e]xcept where inconsistent with rules or statutes applicable to special proceedings." Unlawful detainer actions are special proceedings. State ex rel. Smith v. Parker, 12 Wash. 685, 688, 42 P. 113 (1895).
¶ 17 Courts have applied the civil rules to proceedings under the unlawful detainer statute in the absence of express inconsistencies. In 1971, the Court of Appeals determined that a provision dealing with jury trials in unlawful detainer proceedings was subject to the provisions of CR 38 and 39. Thompson v. Butler, 4 Wash.App. 452, 454, 482 P.2d 791 (1971). The court stated that there was no inconsistency between the statute and rules and no reason to believe that the legislature did not intend for the right to a jury trial to be according to the terms of the civil rules. Id.
¶ 18 In 1989, the Court of Appeals determined that CR 54(c) (regarding default judgments) applied to unlawful detainer proceedings because it was not inconsistent with any of the procedures under chapter 59.12 RCW. Kelly v. Powell, 55 Wash.App. 143, 148, 776 P.2d 996 (1989). Most recently, Division One determined that the civil rules applied to the computation of time under a former version of the unlawful detainer summons statute because chapter 59.12 RCW does not expressly define time computation. Canterwood Place L.P. v. Thande, 106 Wash.App. 844, 846, 25 P.3d 495 (2001). The court determined that holidays and weekends should be excluded from the six day summons under former RCW 59.12.070 using the time calculation provisions of CR 6(a).[3]Id. at 849, 25 P.3d 495.
¶ 19 Unlike the jury trial, default judgment, or summons, the notice to pay or vacate is not a proceeding subject to RCW 59.12.180. Second, even if the civil rules applied, the application of CR 6(a) to the statutory notice period is contrary to the plain language of the statute. The legislature intended for the phrase "three days" to convey its ordinary meaning of three calendar days. Three calendar days is inconsistent with CR 6(a), which excludes weekends and holidays from time periods of less than seven days. Any expansion of the prescribed time interferes with the purpose of the unlawful detainer statute, which is to provide a landlord with a speedy, efficient procedure by which to obtain possession of the premises after a breach by the tenant. See MacRae, 64 Wash.2d at 546, 392 P.2d 827.
¶ 20 Moreover, CR 6(a) does not apply to RCW 59.12.030(3) because the notice to pay or vacate is a waiting period.[4] In Troxell, we differentiated between the application of CR 6(a) to limitations periods and waiting periods. 154 Wash.2d at 357, 111 P.3d 1173. CR 6(a) applies to the computation of litigation-related deadlines or limitations periods. Id. A deadline or limitations period generally requires a party to take legal action; thus, "CR 6(a) ensures that the last date for taking such action will not fall on a Saturday, Sunday, or legal holiday." Id. at 359, 111 P.3d 1173. The overall purpose of CR 6(a) is to "ensure[] that the party with the duty to act within the allotted time period is accorded the full number of days specified in the court rule, court order, or applicable statute." Id. at 357, 111 P.3d 1173.
¶ 21 CR 6(a) does not apply to the computation of time for a waiting period. Id. at 358, 111 P.3d 1173. A waiting period requires a party to refrain from some action for a certain period of time. Id. at 359, 111 P.3d 1173. Applying the time computation provisions of CR 6(a), except for the provision excluding the first day, to a waiting *234 period "would serve no practical purpose and would expand unnecessarily the period of time that the legislature had deemed appropriate for refraining from action." Id. Thus, CR 6(a) controls the computation of time when action must be taken within a period of time but does not control the computation of time where action is prohibited until a period of time has passed. See id. at 362 n. 1, 111 P.3d 1173 (Chambers, J., dissenting).
¶ 22 The three day notice resembles a waiting period more than a deadline because it does not require action by the tenant. The tenant is provided with an opportunity to correct a breach before the commencement of an unlawful detainer proceeding. Housing Auth., 114 Wash.2d at 568-69, 789 P.2d 745. However, the tenant is not required to file, respond, or appear within the set time period. The unlawful detainer notice is a three day waiting period for the landlord before an unlawful detainer action can be commenced rather than a deadline for the tenant to act.
¶ 23 Following the Troxell analysis and plain language of the statutes and rules, the time calculation provision of CR 6(a), which calculates time periods of less than seven days by excluding weekends and holidays, does not apply to RCW 59.12.030(3). Additionally, RCW 1.12.040 by its terms does not apply because there is no "time within which an act is to be done." See RCW 1.12.040. No action is required during the three day notice period, so it is irrelevant whether the notice period includes weekends or holidays.
¶ 24 Christensen served the required notice on Friday. Because the notice was served by mail, the unlawful detainer statute required a four day waiting period. The four day waiting period ended on Tuesday and Christensen timely served Ellsworth with a summons and complaint for unlawful detainer on Wednesday.

IV. CONCLUSION
¶ 25 We reverse the Court of Appeals. The time computation rule of CR 6(a), which calculates time periods of less than seven days by excluding weekends and holidays, does not apply to RCW 59.12.030(3). Christensen provided sufficient notice to Ellsworth and timely filed the unlawful detainer summons and complaint. This case is remanded to the trial court.
WE CONCUR: GERRY L. ALEXANDER, C.J., TOM CHAMBERS, CHARLES W. JOHNSON, SUSAN OWENS, BARBARA A. MADSEN, RICHARD B. SANDERS, JAMES M. JOHNSON, BOBBE J. BRIDGE, JJ.
NOTES
[1] July 3, 1998, was a legal holiday because Independence Day was on a Saturday. See RCW 1.16.050.
[2] RCW 59.12.180 provides:

Except as otherwise provided in this chapter, the provisions of the laws of this state with reference to practice in civil actions are applicable to, and constitute the rules of practice in the proceedings mentioned in this chapter; and the provisions of such laws relative to new trials and appeals, except so far as they are inconsistent with the provisions of this chapter, shall be held to apply to the proceedings mentioned in this chapter.
[3] Shortly after Canterwood Place, the legislature amended the summons period to seven days so that CR 6(a), by its terms, would not apply. See former RCW 59.12.070, amended by Laws of 2005, ch. 130, § 1; Canterwood Place, 106 Wash. App. 844, 25 P.3d 495.
[4] Christensen argues that the civil rules do not apply pre-commencement of a civil action. We explicitly rejected this argument in Stikes Woods, reasoning that a distinction between pre- and post-commencement of a civil action "seems somewhat metaphysical." 124 Wash.2d at 464, 880 P.2d 25 (quoting 4A Charles A. Wright & Arthur R. Miller, Federal Practice § 1163, at 463 (2d ed.1987)); see In re Estate of Toth, 138 Wash.2d 650, 655, 981 P.2d 439 (1999) (noting Stikes Woods rejected the line of cases suggesting that civil rules have no effect prior to the commencement of an action).