IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON
DIVISION II

| | |
|---|---|
| STATE OF WASHINGTON, | No. 44826-2-II |
| Respondent, | |
| v. | |
| BRYAN WINDMEYER, | UNPUBLISHED OPINION |
| Defendant, | |
| DEPARTMENT OF SOCIAL AND HEALTH SERVICES, | |
| Appellant. | |

MELNICK, J. — The Department of Social and Health Services (DSHS)[1] appeals from the trial court's order requiring DSHS to bear the cost for Bryan Windmeyer's competency evaluation in a criminal case. The court granted Windmeyer's motion for a competency evaluation, but the State objected to the evaluator DSHS designated. The trial court then appointed, with the State's approval, an evaluator Windmeyer requested. After the evaluation, the trial court ordered DSHS to pay the evaluation costs. DSHS argues that its obligation to pay for competency evaluations extends only to DSHS-designated evaluators and that it should not be required to pay for Windmeyer's evaluation. We disagree with DSHS and affirm the trial court.

FACTS

The State charged Windmeyer with first degree assault, first degree unlawful possession of a firearm, felony harassment, unlawful possession of a stolen vehicle, and second degree

---

[1] To avoid confusion we refer to the Department of Social and Health Services as DSHS or the Department and the prosecuting authority as the State.

vehicle prowling. The trial court granted Windmeyer's motion for a competency evaluation to be done at Western State Hospital. The trial court further ordered that Windmeyer's evaluation be conducted by a competency evaluator specially trained in evaluating defendants with developmental disabilities. The prosecutor refused to approve the only designated developmental disability evaluator on Western State Hospital's staff to perform Windmeyer's evaluation. DSHS did not offer any alternative evaluators.

At Windmeyer's request, the trial court appointed Dr. Brent O'Neal to perform his competency evaluation. "Dr. O'Neal meets the statutory definition of a Developmental Disabilities Professional." Clerk's Papers (CP) at 26. The trial court relied on Dr. O'Neal's evaluation and ruled Windmeyer competent to stand trial.

Because Windmeyer had been declared indigent, the trial court forwarded Dr. O'Neal's request for reimbursement to DSHS. DSHS refused to pay Dr. O'Neal's expenses and argued the trial court could not require DSHS to pay for the cost of an evaluator which DSHS did not designate. The trial court ordered DSHS to pay Dr. O'Neal for the "fair and reasonable value" of his services pursuant to RCW 10.77.020 and WAC 388-875-0040. CP at 27.

DSHS appeals the trial court's ruling.

ANALYSIS

On appeal, DSHS argues the trial court improperly interpreted RCW 10.77.060 and RCW 10.77.020 to place the burden of reimbursing the cost of Windmeyer's competency hearing on DSHS rather than the State. DSHS argues that once the State rejected DSHS's expert, any expert costs become prosecution costs borne by the State and DSHS has no obligation to pay because no statute obligates DSHS to pay. The State argues that both RCW 10.77.020(2) and RCW 10.77.250 impose all costs associated with competency evaluations for criminal defendants to

2

DSHS. We agree with the State and hold that DSHS must comply with the court's order to pay for the fair and reasonable evaluation costs performed by Dr. O'Neal.

I.  DSHS IS AN AGGRIEVED PARTY UNDER RAP 3.2

While DSHS was not a named party in the trial court, DSHS seeks appellate review as an aggrieved party under RAP 3.2. "An 'aggrieved party' is one whose proprietary, pecuniary, or personal rights are substantially affected." *State v. G.A.H.*, 133 Wn. App. 567, 575, 137 P.3d 66 (2006). An aggrieved party not named as a formal party in the trial court has the right to appeal. *G.A.H.*, 133 Wn. App. at 574.

Because the trial court order substantially affected DSHS's pecuniary interests by requiring it to pay the cost for Windmeyer's evaluation, DSHS is an aggrieved party and can appeal the order.

II.  STANDARD OF REVIEW

This matter requires us to interpret RCW 10.77.060 and RCW 10.77.020. We review questions of statutory interpretation de novo.[2] *State v. Kintz*, 169 Wn.2d 537, 545, 238 P.3d 470 (2010).

We employ statutory interpretation "'to determine and give effect to the intent of the legislature.'" *State v. Evans*, 177 Wn.2d 186, 192, 298 P.3d 724 (2013) (quoting *State v. Sweany*, 174 Wn.2d 909, 914, 281 P.3d 305 (2012)). To determine legislative intent, we look first to the statute's plain language considering the text of the provision in question, the context of the statute, and the statutory scheme as a whole. *Evans*, 177 Wn.2d at 192. We will resort to

---

[2] The State, while providing no authority, asserts "the trial court did not abuse its discretion" and suggests the abuse of discretion standard applies. Resp't's Br. at 4. We review the decision to order a competency hearing, as well as the adequacy of a competency hearing, for abuse of discretion. *State v. Sisouvanh*, 175 Wn.2d 607, 620, 290 P.3d 942 (2012). But these determinations are distinct from this issue of who bears the statutory obligation to pay for a competency evaluation. Accordingly, de novo review is proper.

3

other indicia of legislative intent, including legislative history and the principles of statutory construction, only if a statute is ambiguous. *State v. Ervin*, 169 Wn.2d 815, 820, 239 P.3d 354 (2010). A statute is ambiguous if it is susceptible to more than one reasonable interpretation. *Christensen v. Ellsworth*, 162 Wn.2d 365, 373, 173 P.3d 228 (2007). We hold that the statutes in question are not ambiguous. Therefore, we rely on their plain meanings.

In determining the plain meaning of a provision, we look to the text of the statutory provision in question, as well as "the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." *Ellsworth*, 162 Wn.2d at 373. An undefined term is "given its plain and ordinary meaning unless a contrary legislative intent is indicated." *Ravenscroft v. Wash. Water Power Co.*, 136 Wn.2d 911, 920-21, 969 P.2d 75 (1998).

III.     Chapter 10.77 RCW

Chapter 10.77 RCW establishes procedures for competency evaluations in criminal cases. Specifically, RCW 10.77.060(1)(a) entitles the trial court to appoint, or request DSHS to designate, an evaluator in any case where "a defendant has pleaded not guilty by reason of insanity, or there is reason to doubt his or her competency." In turn, RCW 10.77.020(2) controls how that evaluator is paid: "*[a]n expert or professional person obtained by an indigent person pursuant to the provisions of this chapter shall be compensated for his or her services out of funds of the department*, in an amount determined by the secretary to be fair and reasonable." (Emphasis added.). The plain and unambiguous language of the statute requires DSHS to pay Dr. O'Neal if he is an "expert or professional person obtained by an indigent person pursuant to the provisions of this chapter." RCW 10.77.020(2).

Dr. O'Neal is exactly such a person. He was "appointed by the Court at the Defendant's request after the Pierce County Prosecutor rejected the state designated expert." CP at 26. This court order makes Dr. O'Neal an "expert or professional person obtained by an indigent person" as described by RCW 10.77.020(2), and DSHS must compensate Dr. O'Neal a fair and reasonable amount.

DSHS argues that RCW 10.77.060 contemplates a different type of evaluator from RCW 10.77.020(2). DSHS relies on *State v. Griffith*, 91 Wn.2d 572, 589 P.2d 799 (1979). In that case, our Supreme Court noted that RCW 10.77.020(2) and RCW 10.77.060 are not intended to "provide assistance in preparing for examination of a defendant by court-appointed psychiatrists," but rather to "provide expert psychiatric assistance for defendants in the preparation of their defenses." *Griffith*, 91 Wn.2d at 579. But *Griffith* did not address circumstances similar to the facts before us. In *Griffith*, the trial court refused to appoint a defense expert to consult with the defendant, not one to evaluate the defendant for competency. *Griffith*, 91 Wn.2d at 578-79. In contrast, the trial court here gave Windmeyer his examiner of choice to perform an initial competency evaluation.

Because the trial court appointed Dr. O'Neal at Windmeyer's request to perform a competency evaluation, we hold that DSHS must pay Dr. O'Neal a "fair and reasonable amount" for evaluating Windmeyer, an indigent criminal defendant.[3]

---

[3] The State also points to RCW 10.77.250, which requires DSHS to pay "*all* costs relating to the evaluation and treatment of persons committed to it pursuant to any provisions of this chapter." (Emphasis added.). The State does not argue that "all costs" means something different from "fair and reasonable" costs. Even if it did, the State has requested only that we affirm the trial court's order, which requires payment of "fair and reasonable" costs. Because RCW 10.77.020(2) mandates payment of these costs, we do not reach the State's RCW 10.77.250 arguments.

IV.     DR. O'NEAL'S EXPENSE AS A PROSECUTION COST

DSHS argues Windmeyer's competency evaluation was a "cost of prosecution" borne by the State because Dr. O'Neal evaluated Windmeyer in the course of prosecuting Windmeyer. Appellant's Br. at 11. We disagree. DSHS argues that RCW 10.01.160(5) defines the cost of a competency evaluation as a cost of prosecution. But RCW 10.01.160 is a recoupment statute. It does not purport to relieve any party, including DSHS, from the *initial* cost of a competency evaluation; rather, it merely addresses who may recoup the cost from the defendant after the fact. DSHS's reliance on RCW 10.01.160 is misplaced. We affirm.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

_____
Melnick, J.

We concur:

_____
Johanson, C.J.

_____
Bjorgen, J.