IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

| | |
|---|---|
| DEUTSCHE BANK NATIONAL TRUST )<br>COMPANY, AS TRUSTEE, ON )<br>BEHALF OF THE HOLDERS OF THE )<br>WAMU MORTGAGE PASS-THROUGH )<br>CERTIFICATES, SERIES 2006-AR4, its )<br>successors and/or assigns, )<br>)<br>Respondent, )<br>)<br>v. )<br>)<br>WESLEY SCHLEPP, )<br>)<br>Appellant, )<br>)<br>and )<br>)<br>JOHN AND JANE DOE, UNKNOWN )<br>OCCUPANTS OF THE PREMISES, )<br>)<br>Defendants. )<br>_____ ) | No. 73124-6-I<br><br>DIVISION ONE<br><br><br><br>UNPUBLISHED OPINION<br><br>FILED: September 26, 2016 |

BECKER, J. — Wesley Schlepp, appearing pro se, appeals an order

denying his motion to vacate a writ of restitution. Schlepp's primary argument is

he did not receive adequate notice before the court issued the writ. Because

Schlepp fails to support this argument with meaningful analysis or citations to

relevant authority, we affirm.

In December 2013, respondent Deutsche Bank National Trust Company purchased real property at a foreclosure sale. The property is located in Lake Sammamish. The trustee's deed upon sale was recorded on January 2, 2014. Schlepp was living on the property at the time and was the debtor whose interest was foreclosed on.

Deutsche Bank was entitled to possession on January 2, 2014, 20 days following the foreclosure sale. RCW 61.24.060(1). Schlepp continued residing on the property past this date. On January 19, 2014, Deutsche Bank posted a "Notice to Vacate" on the door and sent copies of the notice to the property by certified and first class mail.

When Schlepp still did not vacate, Deutsche Bank initiated unlawful detainer proceedings against him in King County Superior Court. Deutsche Bank left a copy of the summons and complaint with an adult man present at the Lake Sammamish property and also mailed copies to the property. Schlepp failed to appear in the unlawful detainer action. On April 15, 2014, the court granted Deutsche Bank's motions for a default judgment and writ of restitution. The writ expired before it was executed. See RCW 59.12.090. The court reissued the writ on July 22, 2014. On July 30, the sheriff posted the reissued writ on the door of the Lake Sammamish property.

On August 4, 2014, Schlepp filed for bankruptcy and included the Lake Sammamish property in his filings. On August 12, 2014, Schlepp filed a motion in superior court for an order compelling Deutsche Bank to show cause why the

2

writ should not be vacated. Schlepp claimed he was not served with notice of the unlawful detainer action. The court never heard Schlepp's motion, however, because on September 4, 2014, the unlawful detainer action was automatically stayed pending resolution of the bankruptcy proceedings. The writ of restitution again expired.

In January 2015, the bankruptcy court lifted the stay, and Deutsche Bank filed a motion in superior court seeking reissuance of the writ. The court granted this motion on January 7, 2015. The sheriff posted the new writ on the door of the Lake Sammamish property, stating that any person remaining on the premises beyond February 17, 2015, would be physically removed. On February 13, 2015, Schlepp filed a motion alleging Deutsche Bank violated Federal Rule of Criminal Procedure (FRCP) 52(b) and requesting that the court vacate the writ issued on January 7. The court denied Schlepp's motion, finding it lacked a basis. He appeals.

Schlepp contends the writ of restitution is void because Deutsche Bank did not properly serve him before seeking a writ in July 2014 and did not properly serve him before seeking reissuance of the writ in January 2015. Schlepp generally asserts that he did not have an adequate opportunity to defend against the allegation of unlawful detainer. In addition to requesting that this court vacate the writ, Schlepp requests that this court permit him to access the Lake Sammamish property and live there, and require Deutsche Bank to pay him $200,000 in damages and reimburse him for costs related to this appeal and housing costs incurred in result of his eviction.

Washington's deed of trust act, chapter 61.24 RCW, incorporates the unlawful detainer act, chapter 59.12 RCW. RCW 61.24.060(1) (providing the purchaser at a trustee's sale shall "have a right to the summary proceedings to obtain possession of real property provided in chapter 59.12 RCW"). Thus, the unlawful detainer act governs Schlepp's claims. That is, if there were any remedy available to Schlepp, it would be found in chapter 59.12 RCW. However, Schlepp does not cite to this statute.

Instead, Schlepp cites FRCP 52(b). FRCP 52(b) is inapplicable because it is a federal rule that applies to criminal proceedings. Schlepp also cites Washington's Superior Court Civil Rule 5(a), which provides rules regarding service and filings. However, Schlepp merely quotes this rule; he fails to provide meaningful analysis regarding its application in this case. Generally, whether service and notice are adequate in an unlawful detainer proceeding is governed by chapter 59.12 RCW, not by the civil rules. See Christensen v. Ellsworth, 162 Wn.2d 365, 374, 173 P.3d 228 (2007).

Schlepp further contends the trial court erred by denying Schlepp due process of law. Schlepp fails to support this contention with authority or analysis. As this court has stated, "'[n]aked castings into the constitutional sea' will not sustain a constitutional assignment of error." State v. Linden, 89 Wn. App. 184, 197, 947 P.2d 1284 (1997) (quoting In re Rosier, 105 Wn.2d 606, 617, 717 P.2d 1353 (1986)), review denied, 136 Wn.2d 1018 (1998). Schlepp's conclusory arguments regarding due process are insufficient to warrant review. Linden, 89 Wn. App. at 197.

In sum, the trial court ruled correctly in vacating the writ of restitution.

Affirmed.

Becker, J,

WE CONCUR:

Leach, J.

Cox, J.

2016 SEP 26  AM 9: 48
COURT OF APPEALS DIV I
STATE OF WASHINGTON