IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

DIVISION THREE

| | | |
|---|---|---|
| In the Matter of the Parentage of | ) | |
| | ) | No. 40428-5-III |
| A.S-B. | ) | |
| | ) | |
| JACK STEWART, | ) | |
| | ) | |
| Appellant, | ) | UNPUBLISHED OPINION |
| | ) | |
| and | ) | |
| | ) | |
| MYKAYLA BOLIEU, | ) | |
| | ) | |
| Respondent. | ) | |

STAAB, J. — Jack Stewart and Mykayla (Bolieu) Bedolla parent their child pursuant to a parenting plan. Stewart filed a petition for major modification of the parenting plan and a court found adequate cause and set the matter for trial. In the meantime, Bedolla filed notice of her intent to relocate within the same county and did not propose a revised parenting plan pursuant to the relocation. Stewart filed an objection to the notice, indicating that he did not object to the relocation but arguing that the notice provided per se adequate cause for modification of the parenting plan. The trial court dismissed his objection under CR 12(b)(6), holding that there needs to be a nexus between the relocation and the modification.

On appeal from the order of dismissal, Stewart argues that RCW 26.09.260(6) does not require a factual nexus between the relocation and the requested modification to

the parenting plan. He asks this court to depart from Division One's application of the statute in *Cowan*,[1] which requires a nexus between relocation and modification, and to interpret the statute differently. We decline Stewart's request and affirm.

BACKGROUND

Stewart and Bedolla have a single child in common—a young daughter. The parties filed a final parenting plan in 2021 that named Bedolla as the custodial parent. The parenting plan granted Stewart visitation for one week per month, with the location of the visitation alternating between the child's primary residence with Bedolla in Spokane, and Texas where Stewart resides.

In 2024, Stewart petitioned for major modification of the parenting plan, seeking to be named the custodial parent and sole decision-maker, and requesting changes to the dispute resolution provisions. He alleged the changes were in the best interest of the child because Bedolla was creating a detrimental environment for the child and alienating Stewart as the father. Following a hearing, the court found adequate cause on the allegation of detrimental environment, necessitating a trial to decide the petition.

During the same period, Bedolla filed a notice of intent to move with the child. The notice indicated that Bedolla planned to relocate within Spokane County to Fairchild

---

[1] *Cowan v. Cowan*, 29 Wn. App. 2d 355, 374, 540 P.3d 158 (2023).

Air Force Base in Airway Heights, because her husband was "being recalled." It further indicated that Bedolla did not wish to change the current parenting plan.

Stewart filed an objection to the notice of relocation and petition to modify the parenting plan on the same mandatory court form "Objection". In response to the form's question: "Do you object to the child moving?" Stewart answered: "No. I do not object to the child moving with the relocating person, but I ask the court to subsequently approve my proposed Parenting Plan or Residential Schedule." Clerk's Papers (CP) at 52-53. In response, Bedolla filed a motion to dismiss Stewart's petition for failure to state a claim upon which relief can be granted, motion to strike objection for insufficient and redundant material, and request for attorney fees. Stewart confirmed that his Objection "was filed solely for the purpose of preserving his objection to the current Parenting Plan." CP at 61.

At he hearing on Bedolla's motion to strike the objection and second petition to modify the parenting plan, Bedolla challenged the basis for Stewart's Objection, asserting that a party may not maintain or preserve an objection to relocation when "within his own objection . . . he states that he does not object to [the] relocation." Rep. of Proc. (RP) (Apr. 12, 2024) at 6. She further argued that the petition for modification was redundant because adequate cause had been granted in a separate petition in which adequate cause had been found. Stewart argued that Bedolla's proposed relocation generated adequate cause independent of the pending action, and his Objection was appropriate because both

parties believed that "the parenting plan us [sic] unworkable." RP (Apr. 12, 2024) at 10. He stressed that his petition for modification was not redundant because it preserved a separate avenue to modify the parenting plan should he not prevail on his claim of a detrimental environment.

After taking the matter under advisement, the court ultimately concluded "that interpreting the plain language of RCW 26.09.260(6) . . . , the party who wants to use that statute must demonstrate that any requested modification is based on the specific relocation, not simply that a relocation is occurring." CP at 67. Furthermore, "Stewart did not meet that threshold when he stated that he had no objections to the relocation and didn't provide any specific facts showing that the relocation itself would require modifications to the parenting plan in the best interests of the child." CP at 68. Accordingly, the court dismissed Stewart's Objection pursuant to CR 12(b)(6). The issue of fees was not revisited or incorporated into the written order, nor did the order address Bedolla's motion to strike for redundancy.

Stewart filed a notice of appeal from the court's order dismissing his objection.[2]

---

[2] Following an initial review of Stewart's brief, the panel requested supplemental briefing addressing whether the order is appealable under RAP 2.2, or alternatively, whether discretionary review should be granted under RAP 2.3. Stewart provided such briefing. Bedolla has not filed a response to the appeal and did not raise the issue of appealability. Without deciding the issue, we exercise our discretion to decide the issue on the merits as either a final order or on discretionary review. RAP 1.2(c), 2.2, and 2.3.

ANALYSIS

Stewart asks this court to reverse the CR 12(b)(6) dismissal of his Objection.[3] He argues the trial court incorrectly interpreted RCW 26.09.260(9). The trial court made findings consistent with *Cowan*—from Division One—holding that the relevant statute requires a nexus between the relocation and the modification sought. Stewart urges this court to depart from Division One's decision in *Cowan*. Bedolla did not submit a response brief.

We conclude that the plain language of the statute does not support Stewart's contentions and that he cannot prove facts satisfying the statute's prerequisites for maintaining his Objection.

We review de novo the grant of a motion to dismiss under CR 12(b)(6). *Kinney v. Cook*, 159 Wn.2d 837, 842, 154 P.3d 206 (2007). Dismissal is appropriate if we find, beyond a reasonable doubt, the claimant cannot prove "'any set of facts which would justify recovery.'" *Kinney*, 159 Wn.2d at 842 (quoting *Tenore v. AT&T Wireless Srvs.*, 136 Wn.2d 322, 330, 962 P.2d 104 (1998)).

Additionally, we review matters of statutory interpretation de novo. *Christensen v. Ellsworth*, 162 Wn.2d 365, 370, 173 P.3d 228 (2007). We first attempt to derive the

---

[3] Stewart does not challenge whether CR 12(b)(6) is the proper basis for deciding the legal sufficiency of a petition for modification. We apply the standards of reviewing a CR 12(b)(6) motion without deciding whether such a motion should be brought under CR 12(b)(6) or RCW 26.09.260(6).

legislature's intent by giving full effect to the plain meaning of the statute. *Id*. at 372-73.

The "[p]lain meaning is discerned from the ordinary meaning of the language at issue, the

context of the statute in which that provision is found, related provisions, and the

statutory scheme as a whole." *Id*. at 373.

> Stewart's Objection is governed by RCW 26.09.260(6). This subsection provides:

> The court may order adjustments to the residential aspects of a parenting plan pursuant to a proceeding to permit or restrain a relocation of the child. The person objecting to the relocation of the child or the relocating person's proposed revised residential schedule may file a petition to modify the parenting plan, including a change of the residence in which the child resides the majority of the time, without a showing of adequate cause other than the proposed relocation itself. A hearing to determine adequate cause for modification shall not be required so long as the request for relocation of the child is being pursued. In making a determination of a modification *pursuant to* relocation of the child, the court shall first determine whether to permit or restrain the relocation of the child using the procedures and standards provided in RCW 26.09.405 through 26.09.560. Following that determination, the court shall determine what modification pursuant to relocation should be made, if any, to the parenting plan or custody order or visitation order.

(Emphasis added.)

The plain language of the statute requires a nexus between the modification and

relocation. The statute allows a party to seek modification of a parenting plan if that

party objects to "[1] the relocation of the child or [2] the relocating person's proposed

revised residential schedule." RCW 26.09.260(6). Additionally, "the modification must

be 'pursuant to relocation.'" *Cowan*, 29 Wn. App. 2d at 374. As such, to survive

dismissal, Stewart must have objected to either the relocation or proposed revised residential schedule, and the modification he seeks must be related to the relocation. Stewart did neither. Instead, he expressly declined to object to the relocation of the child and Bedolla did not propose a revised residential schedule with her notice of relocation.

Stewart does not argue that the modification he seeks is pursuant to the relocation; instead, he asserts that such nexus is unnecessary because any relocation provides per se adequate cause to modify the parenting plan.

We agree that "[t]he court may order adjustments to the residential aspects of a parenting plan pursuant to a proceeding to permit or restrain a relocation of the child." RCW 26.09.260(6). In fact, the court may order such adjustments "[e]ven when neither party petitions to modify the parenting plan." *Cowan*, 29 Wn. App. 2d at 374. However, the court's authority to order adjustments pursuant to a relocation proceeding does not alter or eliminate the objecting party's prerequisites to filing a modification petition. Thus, Stewart must have asserted that the relocation from one residence to another within Spokane County related to his proposed modification. Stewart has not made this showing.

Finally, Stewart suggests that his petition is legally sufficient under RCW 26.09.260(6) because, even though Bedolla did not propose a revised residential schedule, both parties agree that the current parenting plan is unworkable. We disagree. Agreeing that the current plan is unworkable is not the same as agreeing to a modification. *See* RCW 26.09.260(2) ("the court shall retain the residential schedule

established by the decree or parenting plan unless: (a) The parents agree to the modification.").

In sum, Stewart does not advance any set of facts showing that he objects to either the relocation or the relocating party's proposed revised residential schedule as required. Furthermore, Stewart does not assert a nexus between his desired modifications and the relocation. Therefore, dismissal of his petition was warranted, and the trial court did not err in granting the motion.

Affirmed.

A majority of the panel has determined this opinion will not be printed in the Washington Appellate Reports, but it will be filed for public record pursuant to RCW 2.06.040.

_____
Staab, J.

WE CONCUR:


_____
Lawrence-Berrey, C.J.

_____
Birk, J.[†]

---

[†] The Honorable Ian S. Birk is a Court of Appeals, Division One, judge sitting in Division Three pursuant to CAR 21(a).