## IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| ALESIA EATON,<br><br>     Appellant,<br><br>  v.<br><br>AMERICAN MEDICAL RESPONSE,<br><br>     Respondent. | No. 60107-9-II<br><br><br><br>UNPUBLISHED OPINION |

VELJACIC, J.— Alesia Eaton appeals a trial court order dismissing her claims against American Medical Response Ambulance Services (AMRAS) on summary judgment.

Eaton fell while being tended to by AMRAS employees in August 2020. Ordinarily, claims for injuries occurring from health care must be filed within three years of the injury. RCW 7.70.110 will toll the statute of limitations for one year upon the "making of a written, good faith request for mediation" of the dispute. In July 2023, Eaton e-mailed two local employees of AMRAS about her claim, attaching a file containing a mediation demand letter. The employees never responded to the e-mail. Eaton did not file a complaint against AMRAS until April 2024. AMRAS moved for summary judgment based on expiration of the statute of limitations. The trial court granted summary judgment and dismissed Eaton's claim.

Eaton appeals. She argues that the trial court erred by granting summary judgment because her e-mail tolled the statute of limitations. We affirm.

FACTS

On August 5, 2020, Alesia Eaton called for an ambulance due to pain in her hip. AMRAS staff responded. While Eaton was walking to the ambulance, she fell to the ground and fractured her hip.

In July 2023, Eaton, through counsel, mailed Thurston County Medic One a letter stating that Eaton had a claim arising from her fall and demanding mediation. Eaton also e-mailed Medic One and attached the mediation letter. An employee from Medic One explained that AMRAS was the agency that transported Eaton. The Medic One employee told Eaton that Medic One had, "made [AMRAS's] leadership aware." Clerk's Papers (CP) at 40. The Medic One employee then provided e-mail addresses for two local AMRAS employees and suggested reaching out to those employees. The employees were a supervisor and an operations manager for the Thurston County branch of AMRAS. AMRAS is a subsidiary of Global Medical Response and is headquartered in Colorado.

A few days later, Eaton sent an e-mail to the two e-mail addresses provided by Medic One. The e-mail was a single sentence reading, "Please see attached mediation letter for our client Alicia Eaton in regards to her August 6th 2020 incident."[1] CP at 78. The e-mail attached a letter which read, "I represent Alicia Eaton who was dropped, fracturing her hip during a transport on August 6th, 2020, while being transported. We demand mediation of the claim." CP at 80. The title of the attachment was a long string of numbers.

In April 2024, Eaton sued AMRAS for negligence. Eaton served AMRAS the summons and complaint at its corporate headquarters in Colorado.

---

[1] This e-mail and the attached letter both misspelled Eaton's first name and provided the wrong incident date.

AMRAS moved for summary judgment, requesting that the trial court dismiss Eaton's claim because she did not file her complaint until after the three-year statute of limitations. RCW 4.16.350(3). AMRAS stated that it was "not aware of any request made by Plaintiff seeking mediation," which would have tolled the statute of limitations an additional year upon "[t]he making of a written, good faith request for mediation of a dispute." CP at 17; RCW 7.70.110.

After receiving the motion, Eaton forwarded to AMRAS's counsel the July 2023 e-mail to the AMRAS employees. In a supplemental motion AMRAS then pointed out that, unlike the original letter to Medic One, which Eaton sent via both e-mail and postal mail, Eaton sent the mediation letter to AMRAS only via e-mail. Counsel from AMRAS's parent company, Global Medical Response, also submitted a declaration stating that the first notice that company ever received of Eaton's claim was the complaint. Global Medical Response explained that neither of the employees Eaton e-mailed was a registered agent of AMRAS. And Eaton had not sent any "letter requesting mediation to [Global Medical Response's] law department or to AMRAS at its corporate headquarters where the summons and complain was later served, via any medium including US Mail." CP at 63.

In response, Eaton relied on the "procedural informality" of RCW 7.70.110 to argue that sending an e-mail to two local employees with the letter attached satisfied the statute's requirements, even if there was no evidence that the employees had received or opened the e-mail or attached letter. Eaton asserted that the fact that the e-mails were not returned as undeliverable meant the employees must have received them.

The trial court observed that, even if the employees were considered agents of AMRAS, there was no evidence that the employees actually received those e-mails. In particular, the trial court noted that e-mails with attachments are frequently diverted by spam filters or otherwise

quarantined, and that "it's not unusual for employees to be trained to not open attachments of e-mails that are from a person who [they] are not familiar with." Rep. of Proc. at 20. Accordingly, the trial court determined that Eaton had not met her burden of proof to show that she had tolled the statute of limitations. The trial court granted AMRAS's motion for summary judgment and dismissed Eaton's claims.

Eaton moved for reconsideration, which the trial court denied. Eaton appeals.

ANALYSIS

SUMMARY JUDGMENT

Eaton argues that the act of sending the e-mail attaching the mediation demand to the local AMRAS employees was sufficient to toll the statute of limitations. Eaton insists that, because the e-mails were not returned as undeliverable, the employees must have received them.

In response, AMRAS emphasizes that a plaintiff who seeks to toll the statute of limitations bears the burden of proving that a tolling provision applies. AMRAS also points to caselaw explaining that the purpose of RCW 7.70.110 is to facilitate settling disputes through mediation, which inherently requires the defendant to have notice of the mediation demand. AMRAS contends that the employees Eaton e-mailed were not authorized agents, especially for the purpose of receiving legal notices. And AMRAS argues that Eaton did not make a good faith mediation demand when the demand "was sent only by email as a vaguely-named .pdf attachment containing an inaccurate date of care to two local employees of AMRAS who plaintiff made no effort to confirm were authorized to accept the request, or had in fact received it." Br. of Resp't at 27. AMRAS also points out that Eaton properly served her summons and complaint on AMRAS's corporate headquarters, but failed to do the same with her mediation demand.

4

A.      Legal Principles

"We review de novo an order granting summary judgment."  *Unruh v. Cacchiotti*, 172 Wn.2d 98, 106, 257 P.3d 631 (2011).  In reviewing a summary judgment order, we "consider the facts and reasonable inferences in the light most favorable to the nonmoving party."  *Fraley v. Commonspirit Health*, 26 Wn. App. 2d 588, 596, 528 P.3d 1283 (2023).  "Summary judgment is proper if, given the evidence, reasonable persons could reach only one conclusion."  *Id*.

"In a summary judgment motion, the moving party bears the initial burden of showing the absence of an issue of material fact."  *Young v. Key Pharm., Inc.*, 112 Wn.2d 216, 225, 770 P.2d 182 (1989).  At this stage, "the moving party is not required to support the motion by affidavits or other materials negating the opponent's claim."  *White v. Kent Med. Ctr., Inc., P.S.*, 61 Wn. App. 163, 170, 810 P.2d 4 (1991).

"If the moving party is a defendant and meets this initial showing, then the inquiry shifts to the party with the burden of proof at trial, the plaintiff."  *Young*, 112 Wn.2d at 225 (internal footnote omitted).  "If, at this point, the plaintiff 'fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial,' then the trial court should grant the motion" for summary judgment.  *Id*. (quoting *Celotex Corp. v. Catrett,* 477 U.S. 317, 322, 106 S. Ct. 2548, 91 L. Ed. 2d 265 (1986)).  The moving party is then entitled to summary judgment because "'a complete failure of proof concerning an essential element of the nonmoving party's case necessarily renders all other facts immaterial.'"  *Id*. (quoting *Celotex*, 477 U.S. at 322-23).

"The statute of limitations is an affirmative defense that must be proved by the defendant."  *Cortez-Kloehn v. Morrison*, 162 Wn. App. 166, 172, 252 P.3d 909 (2011).  "A plaintiff asserting an exception to the statute of limitations, however, bears the burden of proving that a tolling

provision applies." *Id*. Whether a plaintiff has met an exception to a statute of limitations is a question of law appropriately determined on summary judgment.[2] *Id*. at 172-73.

RCW 4.16.350(3) requires any civil action for injury occurring from health care to be filed within three years of the injury or its discovery. This statute of limitations may be tolled for one year by "[t]he making of a written, good faith request for mediation of a dispute related to damages" for a health care injury. RCW 7.70.110.

"RCW 7.70.110 is procedurally informal," with no restrictions on the method of giving notice of a request for mediation. *Fraley*, 26 Wn. App. 2d at 598. This is because the "unstated but apparent purpose of RCW 7.70.110 is to facilitate settlement of disputes through mediation." *Unruh*, 172 Wn.2d at 114. "Implicit in this purpose is the notion that the defendant receives notice of the request for mediation." *Id*. Specifically, the Washington Supreme Court has explained that RCW 7.70.110 tolls the statute of limitations "when a request for mediation is made on the defendant or the defendant's authorized agent." *Id*. "Under this interpretation, the defendant will receive *notice* that the plaintiff has requested mediation under RCW 7.70.110 and will have an *opportunity to assent* to the request." *Id*. (emphasis added).

In *Unruh*, the plaintiff served a mediation demand on the defendant's insurance representative, who "took responsibility for the defense of the suit from the very beginning," including agreeing that the statute of limitations had been tolled. *Id*. Under the facts of that case,

---

[2] "The meaning of a statute is a question of law that we also review de novo." *Fraley*, 26 Wn. App. 2d at 596. "Statutes must be interpreted and construed so that all the language used is given effect, with no portion rendered meaningless or superfluous." *Whatcom County v. City of Bellingham,* 128 Wn.2d 537, 546, 909 P.2d 1303 (1996). A statute's "[p]lain meaning is discerned from the ordinary meaning of the language at issue, the context of the statute in which that provision is found, related provisions, and the statutory scheme as a whole." *Christensen v. Ellsworth,* 162 Wn.2d 365, 373, 173 P.3d 228 (2007).

the Supreme Court determined that the plaintiff's demand properly tolled the statute of limitations. *Id*. at 115. Similarly, this court has held that the statute of limitations was tolled by mailing a mediation demand to the hospital where the defendant doctor had performed the surgery that caused the injury. *Fraley*, 26 Wn. App. 2d at 599-600. In that case, the hospital forwarded the letter to the doctor, and it was uncontested that the doctor received the letter. *Id*. at 594.

B.     Analysis

To survive summary judgment, Eaton must show a genuine issue of material fact as to whether AMRAS received the mediation demand. She fails to do so.

AMRAS had the initial burden of asserting that there was no genuine issue of material fact that it received the mediation demand. *Young*, 112 Wn.2d at 225. AMRAS did so by providing a declaration explaining that AMRAS, its registered agents, and its parent company did not receive any notice of Eaton's claim before she filed her complaint after the statute of limitations expired. Thus, the burden shifted to Eaton to establish that the RCW 7.70.110 tolling provision applied. *Young*, 112 Wn.2d at 225; *Cortez-Kloehn*, 162 Wn. App. at 172.

The circumstances which supported tolling the statute of limitations in *Unruh* and *Fraley* do not exist here. As our Supreme Court explained in *Unruh*, RCW 7.70.110 is intended to facilitate mediation by being procedurally informal. 172 Wn.2d at 114. But that procedural informality has a corollary requirement that "the defendant will receive notice that the plaintiff has requested mediation . . . and will have an opportunity to assent to the request" in order to toll the statute of limitations. *Id*. Eaton fails to establish that AMRAS received her mediation demand; she offers only evidence that she *sent* the demand. Eaton did not produce any evidence, besides asserting that the e-mail was not returned as undeliverable, to establish that AMRAS or one of its registered agents actually received the e-mail. It is undisputed that the AMRAS employees Eaton

7

e-mailed never responded to the mediation demand. And, in any event, AMRAS denied that the employees Eaton sent the e-mail to were its agents for the purpose of accepting legal filings, and Eaton produced no evidence to counter this assertion. *Id*.

Unlike the initial request to Medic One, which was served both via e-mail and postal mail, the mediation demand to AMRAS was sent only via e-mail attachment. And the e-mail itself contained several items that may have triggered spam filters or made an employee wary about opening the attachment. First, the text of the e-mail misspelled Eaton's first name and contained the wrong incident date, which would have hampered any attempt to corroborate whether AMRAS had transported Eaton. And the mediation demand was contained in a .pdf attachment labeled not with a document name, but instead with a long string of numbers. Finally, Eaton's e-mail was not directed to AMRAS's legal department or anyone else at the corporate headquarters in Colorado, but to local Thurston County employees who AMRAS stated were not registered agents. *See Id*.

Eaton failed to establish a genuine dispute of material fact as to whether she tolled the statute of limitations in this case because she failed to offer any evidence that AMRAS or a registered agent actually received her mediation demand. Accordingly, we hold that the trial court did not err by granting AMRAS's motion for summary judgment.

CONCLUSION

We affirm the order granting summary judgment.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Veljacic, J.

We concur:

Cruser, C.J.

Price, J.